THE FIRST NATIONAL BANK OF TOMS RIVER, NEW JERSEY, AS EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF HARRIET LEVY, DECEASED, PLAINTIFF-APPELLEE, v. SAUL LEVY AND JOSEPH LEVY, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF SAMUEL LEVY, DECEASED, DEFENDANTS-APPELLANTS.

Submitted October 1, 1940—Decided December 5, 1940.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the plaintiff-appellee, *Ewart & Bennett* (*Howard Ewart,* of counsel).

For the defendants-appellants, *Alexander Feinberg* (*Benjamin Dzick,* of counsel).

Brogan, Chief Justice. The defendants below, executors of Samuel Levy, deceased, appeal from a judgment recovered by the plaintiff, as executor of Harriet Levy, deceased. The decedents were, in life, husband and wife. At the outset our attention is directed to the fact that a final judgment is not included in the state of case. That omission is enough to cause a dismissal of the appeal. *Fisher* v. *Spec. Tours,* 121 *N. J. L.* 198; *Kople* v. *Zalon,* 122 *Id.* 422. The appellants, however, in a reply brief, assert that a final judgment was entered, and have sent us a copy of it. Since that seems to be the fact we shall consider the several points urged for reversal.

Action was instituted by the plaintiff as executor of the estate of the deceased wife, who died on November 2d, 1933, against the executors of the deceased husband, who died in 1936. The claim is that Samuel Levy, deceased, immediately

upon the death of his wife, appropriated to his own use her jewelry and a certain sum of money in currency, and the action was brought to recover for her estate the value of the property thus said to have been unlawfully appropriated. The answer denied that the jewelry was appropriated by Samuel Levy and asserted that it was "delivered and given to him absolutely as his sole exclusive property * * *" by Harriet Levy, prior to her death. That fact issue was resolved in favor of the plaintiff by the jury.

The appellants contend that the trial court erred in the reception of certain testimony, to wit: Jennings and Sutton, witnesses, were permitted to testify "as to transactions had with and statements made by deceased, Samuel Levy," which it is argued runs counter to our Evidence act (section 4) now known as *R. S.* 2:97-2. We find no merit here. The statute in question bars the testimony of a party to the suit. *Kapalczynski* v. *Sitniski*, 91 *N. J. Eq.* 524. Mrs. Jennings was a beneficiary under Mrs. Levy's will. She was not a party to the suit. The extent of her interest does not appear nor is she shown to be the real claimant or party in interest. Compare *Hoffman* v. *Maloratski*, 112 *Id.* 333. As to Sutton, an officer of the executor bank, his testimony was received without objection from the appellants who now complain. There is no judicial ruling to review under these circumstances.

It is next argued by appellants that it was error for the court to have rejected motion to strike out testimony of Mrs. Jennings. There is no merit to this point. No reason was advanced in support of the motion. A motion to strike out testimony, unsupported by a reason therefor, does not avail as a cause for reversal any more than does a question which has been allowed, to which objection and exception was noted, when no reason for the objection was advanced. *Mooney* v. *Peck*, 49 *N. J. L.* 232; *Gluck* v. *Castles Ice Cream*, 104 *Id.* 397; *Schlosser* v. *Goldberg*, 123 *Id.* 470; *Fielder* v. *Friedman*, 124 *Id.* 514; *Leiferant* v. *Progressive Agency*, 98 *Id.* 526; *Belperche* v. *Erie Railroad*, 111 *Id.* 81.

Next it is said that it was error to exclude a question addressed to one of the executors, Saul Levy. He was asked did the decedent ever "state it was his wife's jewelry?" The

information sought to be elicited was immaterial. The issue was whether there had been a gift of the jewelry *inter vivos*. Also an appraisal and bill of sale offered by the defendant was excluded by the court. No exception appears in the record to the rejection of the appraisal. The bill of sale was offered for the purpose of establishing the value of the jewelry. It was dated almost three years after Mrs. Levy's death and, standing alone, had no evidential value. The appraisal also was made several years after the alleged conversion and had no real value. It was incompetent to prove the value as of the time of the conversion and was not the best evidence in any event.

It is next said that the court erred in excluding transcript of evidence given by one Samuel L. Cohen in an Orphans Court proceeding but this is clearly not so. Our statute—*R. S.* 2:97-15—makes admissible "at a new trial of the action the testimony of any witness." But here the testimony of Cohen was not offered at any new trial of the identical action. It was an attempt to get into evidence a statement made by a witness in an entirely different kind of litigation and was properly rejected. See *Lupin* v. *Sestanovich*, 115 *N. J. L.* 217.

The other points in the appellants' brief, some of which are not argued and one which is not a proper ground of appeal, have no merit.

The judgment will be affirmed, with costs.