MARY JANE ELLIOTT *v*. ANNA L. CAMPER.

(*April* 29, 1937.)

HARRINGTON, J., sitting.

*Caleb R. Layton, 3d,* for plaintiff.

*Charles L. Terry, Jr.,* and *Max Terry* (of Hughes, Terry and Terry) for defendant.

Superior Court for Kent County, Summons Case, No. 11, October Term, 1936.

HARRINGTON, J., in charging the jury, among other things, said:

The basis of this action is negilgence, and in order for the plaintiff to recover she must show by the preponderance of the evidence that the defendant negligently violated some duty which she owed to the plaintiff, and that such negligence was the real or proximate cause of her injuries. You must, also, bear in mind that the negligent act or acts relied on by the plaintiff to prove her case must be the very act or acts alleged in her declaration.

Negligence has often been defined by this Court to be the lack of ordinary care under the circumstances; that is, the failure to exercise such care and caution as a reasonably careful and prudent man would have exercised under similar circumstances.

Negligence on the part of the defenant is never presumed from the mere fact that a collision between two automobiles took place, and that the plaintiff was injured thereby, but must always be proved, and, as I have already indicated, the burden of showing that the collision in question and the alleged damages resulting therefrom were

caused by the negligence of the defendant is on the plaintiff. * * *

■■ But where each of two or more persons owe to a third person a separate duty, which each wrongfully neglects to perform, then, though the duties were diverse and disconnected, and the negligence of each was without concert, if such several acts concurred and united together in causing injury to a third person, that person can sue and recover from either or both of the wrongdoers if there were no negligence on her part contributing to her injuries. *Matthews v. Delaware, L. & W. Railroad,* 56 *N. J. Law* 34, 27 *A.* 919, 22 *L. R. A.* 261; *Sullivan v. Krivitsky,* 100 *Conn.* 508, 123 *A.* 847; *Banker v. Wells (Mo. App.),* 274 *S. W.* 939; 43 *C. J.* 922-925; see, also, *Island Express Co. v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181; *Stucker v. American Stores Co.,* 5 *W. W. Harr.* (35 *Del.*) 594, 171 *A.* 230. In other words, in order for a negligent act to be considered the legal or proximate cause of the damages complained of, it is not absolutely essential that such act should be the sole and exclusive cause of the plaintiff's injuries; but, though there was no contributory negligence on her part, in order for the plaintiff to recover it must clearly appear from the evidence that the negligent act relied on was an efficient cause of her injuries, if any such injuries were suffered by her.[1] 1 *Street on the Foundation of Legal Liabilities* 122; *Island Express Co. v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181; 45 *C. J.* 922.

---

[1] When the injuries of the plaintiff are wholly caused by the intervening negligent act of some third person, and not by the concurring negligence of the defendant and that person, see *Cook v. Elk Coach Line,* 7 *W. W. Harr.* (37 *Del.*) 120, 180 *A.* 782; *Szymanska v. Equitable Life Ins. Co.,* 7 *W. W. Harr.* (37 *Del.*) 272, 183 *A.* 309; *Island Express Co. v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181; *Stucker v. American Stores Co.,* 5 *W. W. Harr.* (35 *Del.*) 594, 171 *A.* 230; (*Id.,* 5 *W. W. Harr.* 586, 159 *A.* 848); see, also, *State v. Benton,* 8 *W. W. Harr.* (38 *Del.*) 1, 187 *A.* 609; *South Atlantic Steamship Co. v. Munkacsy,* 7 *W. W. Harr.* (37 *Del.*) 580, 187 *A.* 600.

The plaintiff was unquestionably riding in a car operated by the defendant. An Act of the Legislature of this State (38 Del. Laws, c. 26) entitled, "An Act for the relief of owners and operators of motor vehicles from liability for injuries, death and loss suffered by guests, except in certain cases" provides: "No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his wilful or wanton disregard of the rights of others." *Rev. Code* 1935, § 5713.

The facts of this case do not require me to consider the meaning of the latter part of this statute relating to intentional acts, or to acts of a wilful or wanton character, and causing injury.

One of the questions before you, however, is whether the plaintiff was a mere guest in the defendant's car when she was injured, or whether she was there in her capacity as an employee of the defendant, namely, as a companion.

Broadly stated, a guest in an automobile is one who takes a ride in a car driven by another person, merely for his own pleasure, or on his own business, and without making any return or conferring any benefit on the driver of the car. *Parrett v. Carothers,* 11 *Cal. App.* (2d) 222, 53 *P.* (2d) 1023; see, also, *Knutson v. Lurie,* 217 *Iowa* 192, 251 *N. W.* 147; *Russell v. Parlee,* 115 *Conn.* 687, 163 *A.* 404.

As I have already pointed out, the plaintiff claims that the statute above quoted has no application to this case because she was employed by the defendant as a companion, as well as a cook, and at the time she was injured she was riding in the defendant's car, pursuant to her direction, and in accordance with her contractual duties in that respect.

Whether that claim, or the claim of the defendant is correct, is however, a question of fact for you to determine.

If by the plaintiff's contract of employment, she was not only to do the cooking for Mrs. Camper, but was, also, to act as a companion for her, and, when she was injured, was riding in Mrs. Camper's car in that capacity, and pursuant to her direction, or even request, this statute can have no application to this case. But if the plaintiff's contract of employment did not require her to act as a companion for the defendant, and when she was injured she was riding in Mrs. Camper's car at her own request, as a mere guest, and not by Mrs. Camper's express direction, or request, pursuant to authority given her by the plaintiff's contract of employment, she cannot recover in this action, even though her injuries were caused by the negligence of Mrs. Camper, or even by the concurring negligence of Mrs. Camper and the driver of the Ellis car.

Whether your verdict shall be for the plaintiff, or for the defendant, is for you to determine from the evidence before you, and not in any sense from sympathy or prejudice.

In determining that question, among the important things for you to consider are:

1. When the plaintiff was injured, was she riding in the automobile of the defendant, as a mere guest of her own accord, and at her own request, or was she in that automobile in the performance of her contractual duties as a companion to the defendant, and pursuant to her direction?

2. If the plaintiff were employed in part as a companion and was in the defendant's automobile in that capacity, at her direction, or request, were her injuries caused solely by the negilgence of the defendant, or even by the concurring negligence of the defendant and of the driver of the Ellis car, or solely by the negligence of the driver of that car?

If, after considering these questions, you believe that at the time she was injured, the plaintiff was employed by Mrs. Camper, the defendant, as a companion, as well as a cook, and was in her car as such companion, and pursuant to her direction, or request; and if you further believe that her injuries were caused solely by the negligence of Mrs. Camper in that, without regarding the stop sign, she drove into the Dover-Rehoboth road, without keeping the proper lookout for approaching cars, and by reason thereof collided with the Ellis car, and that there was no negligence on the part of the plaintiff contributing to such injuries, your verdict should be for the plaintiff.

If you believe that at the time Mary Jane Elliott was injured she was not a mere guest but was accompanying Mrs. Camper as a companion in the line of her duty, and that the negligence of Mrs. Camper, though not the sole cause of the collision, and the damages resulting therefrom, was, nevertheless, one of the concurring causes of it, because she drove into the road intersection in the face of an automobile approaching it at a high rate of speed, and dangerously near that intersection, and that no negligence of Mary Jane Elliott in any way contributed to her injuries, your verdict should, also, be for the plaintiff.

But if you believe that when the plaintiff was injured, she was riding in the defendant's car for her own purposes, and at her own request, and not pursuant to the direction of the defendant, or in the performance of her duties as a hired companion of the defendant, because of the provisions of the statute above quoted, your verdict should be for the defendant, even though her injuries were wholly caused by the negligence of the defendant, or by the concurring negligence of the defendant and the driver of the Ellis car.

If, though you believe that when she was injured, the plaintiff was riding in the defendant's car as a paid com-

panion, if you, also, believe that her injuries were wholly caused by the negligence of the driver of the Ellis car, because it was being operated at such a high and dangerous rate of speed that it was beyond the control of the driver, and not in whole or in part by the concurring negligence of the defendant in driving into the main highway, and directly into that car, your verdict should, also, be for the defendant.

(The Court also charged on the measure of damages if the verdict should be for the plaintiff.)