KATE B. ROBB *v.* RAMEY ASSOCIATES, INC., a corporation of the State of Delaware.

(*July* 5, 1940.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Caleb R. Layton, 3d,* (of Hastings, Stockly and Layton) for plaintiff.

*William H. Bennethum* (of Marvel and Morford) for defendant.

Superior Court for New Castle County, May Term, 1940.

LAYTON, C. J., delivering the opinion of the Court:

Obviously, the declaration was not framed on the theory that the defendant's act was intentional, or in wilful or wanton disregard of the plaintiff's rights. Negligence on the part of the defendant's agent is the basis of the plaintiff's claim for damages.

A guest in an automobile has no right of action against the owner or operator of an automobile for injuries suffered through mere negligence. *Gallegher v. Davis et al.,* 7 *W. W. Harr.* (37 *Del.*) 380, 183 *A.* 620; *Law v. Gallegher,* 9 *W. W. Harr.* (39 *Del.*) 189, 197 *A.* 479.

If, therefore, the declaration shows that the plaintiff occupied the status of guest, the demurrer must be sustained, for the statute bars the right of action.

The purpose of the statute was to protect one who, generously, without accruing benefit, has transported another in an automobile. *Voelkl v. Latin,* 58 *Ohio App.* 245, 16 *N. E. 2d* 519. The construction of the statute should not be extended beyond the evils for the correction of which it was designed. It was not intended by the Legislature to deny a right of action for injury suffered through negligence of the owner or operator of an automobile by one who is being transported for the benefit of the owner or operator, or for the benefit of both the passenger and the owner or operator. *Kruy v. Smith et ux.,* 108 *Conn.* 628, 144 *A.* 304.

In *Elliott v. Camper,* 8 *W. W. Harr.* (38 *Del.*) 504, 194 *A.* 130, the plaintiff claimed to be a domestic servant of the defendant, and that pursuant to her directions was riding in the automobile in accordance with her contractual duties. This Court, in its charge to the jury, defined a guest in an automobile as one who takes a ride in a car driven by another merely for his own pleasure, and without making any return or conferring any benefit on the owner or operator.

In *Sullivan v. Richardson,* 119 *Cal. App.* 367, 6 *P. 2d* 567, the plaintiff, a prospective purchaser of real estate, who, at the invitation of a real estate company, was riding in an automobile hired by it and used to carry prospective purchasers to and from the development, was held not to be a guest within the contemplation of the statute. This case is cited in support of the text in 5 *Am. Jur.* 634.

The declaration alleges that the defendant, whose business it was to sell burial lots in a certain cemetery, was transporting the plaintiff to the cemetery in order to induce her to buy a burial lot. Manifestly, the relationship disclosed was not that of mere friendship, nor was it the social one of hospitality. The defendant was serving its own purpose; and, at the least, the transportation was for

the mutual benefit of both plaintiff and defendant. Direct payment in money for transportation in an automobile is not an indispensable requisite to constitute one a passenger. A reasonable expectation of benefit to accrue is a sufficient consideration. See *Affiliated Enterprises, Inc., v. Waller*, 1 *Terry* (40 *Del.*) 28, 5 *A.* 2d 257.

The defendant, however, insists that the plaintiff was a guest under the statute as it must be construed. Its argument is that only prospective purchasers of automobiles *riding in them for demonstration purposes are relieved from* the operation of the statute; and that under the maxim *expressio unius est exclusio alterius,* the plaintiff must be held to be a guest.

■■ The maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the law-making body when it is not otherwise clear; but it should never be permitted to defeat the plainly indicated purpose of the legislature. 59 *C. J.* 985. Great caution is required in the application of the maxim. *Barto v. Himrod*, 8 *N. Y.* 483, 59 *Am. Dec.* 506; *Industrial Trust Co. v. Goldman*, 59 *R. I.* 11, 193 *A.* 852, 112 *A. L. R.* 1313. It is not a rule of universal application, but is to be applied only as an aid in arriving at intention, and not to defeat the apparent intention. 25 *R. C. L.* 983. Considerations of injustice, unreasonableness or absurdity are not to be ignored. The mention of one thing is not to be held exclusive when the context shows a different intention; and the maxim does not apply to a statute the language of which may fairly comprehend many different cases, in which some only are mentioned expressly by way of example, and not as excluding others of a similar nature. 2 *Sutherland Stat. Cons.* (*Lewis's Ed.*), § 495; *Blevins v. Mullally*, 22 *Cal. App.* 519, 135 *P.* 307.

■■ The intention of the Legislature is clearly ex-

pressed in the first paragraph of the Act. The statute was not intended to apply to those persons who do not occupy the status of guest., The proviso contained in the second paragraph of the statute was by way of example only; and, in any event, will be given a construction consistent with the legislation of which it is a part. *State v. Shaw*, 8 *W. W. Harr.* (38 *Del.*) 352, 192 *A.* 610.

To apply the maxim would defeat the apparent intention of the Legislature.

The demurrer is overruled.