CHARLES ENGLE v. GERTRUDE POLAND.

(*September* 12, 1952.)

CAREY, J., sitting.

*Joseph Handler* for plaintiff.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch) for defendant.

Superior Court for New Castle County, No. 376, Civil Action, 1951.

CAREY, J.:

█ The sole question is whether the status of the plaintiff at the time of the accident was, as a matter of law, that of a "guest" without payment for such transportation. The parties are not in agreement as to the basic facts. For purposes of the present motion, those statements most favorable to the plaintiff must be accepted as correct.

From the record developed through discovery proceedings, a jury could find the following statements to be true. The plaintiff and the defendant were good friends. He was a salesman of storm windows and lived in Wilmington, Delaware. A car was furnished for his use by his employer. Mrs. Poland lived with her husband in Penns Grove, N. J., and the plaintiff's mother lived at Carney's Point, N. J., which is only a few miles from Penns Grove. It was his custom to visit his mother once every week or two. Mrs. Poland had relatives in Wilmington whom she was visiting on the day of the accident. By telephone, she invited Mr. Engle to come to the home of those relatives to spend the evening, look at television and make a friendly visit. He accepted the invitation and drove to that home in his employer's car.

During the course of the evening, Mrs. Poland told Mr. Engle that she knew a person in Penns Grove who might buy some storm windows from him, and she asked him if he would give her 25% of his commission, if he made the sale. He consented to do so. She agreed to introduce him to the prospective customer the next morning. As it was necessary for Mrs. Poland to be in Philadelphia the following day, it was decided to· call upon the prospect early in the morning. She suggested that he ride back to New Jersey with her that night and sleep at his

mother's home, and that, after they had seen the customer in the morning, she would drive him back to Wilmington, then proceed on to Philadelphia. Mr. Engle agreed to this plan, and they started to New Jersey in her car sometime after midnight. The accident occurred on the way. Apparently they never have visited the prospective customer.

The defendant contends (1) that the agreement between the parties is not sufficient to take the case out of the guest statute and (2) that the trip was not sufficiently identified with the subject matter of the contract, in either purpose or time, to do so.

The applicable part of the Delaware Statute has been construed by this Court in two cases; *Elliott v. Camper*, 8 *W. W. Harr.* 504, 194 *A.* 130 (where an employer-employee relationship was involved), and *Robb v. Ramey Associates, Inc.*, 1 *Terry* 520, 14 *A.* 2d 394 (where the rider was a prospective customer of the driver). It was also construed by the Pennsylvania Supreme Court in *Kerstetter v. Elfman*, 327 *Pa.* 17, 192 *A.* 663 (where an expense sharing arrangement existed). Those cases lay down these principles: the purpose of the statute is to protect one who, generously, without accruing benefit, has transported another in his vehicle. In order for the statute to apply, the injured rider must be a guest of the owner or operator *and* the latter must not receive "payment" for the transportation. The act does not apply to persons transported for the mutual benefit of the passenger and the owner or operator. Direct payment in money is not an essential requirement to remove the rider from the operation of the statute; a reasonable expectation of benefit to accrue is a sufficient consideration.

The defendant characterizes the agreement in this case as being too vague and nebulous to warrant a finding of mutual benefit, citing *Leete v. Griswold Post No. 79, American Legion*, 114 *Conn.* 400, 158 *A.* 919. That case holds that the mere possibility of a future voluntary donation to an ambulance fund is too intangible and speculative to justify a conclusion of mutual benefit. In my opinion, the situation here is entirely differ-

ent from that in the *Leete* case. The jury may find that Mrs. Poland was to receive a definite percentage of plaintiff's commission, if he should be successful in making the sale. His taking the trip for the purpose of visiting the prospect was to her possible financial advantage as well as to his. Neither the fact that the person in New Jersey was only a prospective, rather than an actual, customer, nor the further fact that the amount of the possible commission to be earned was at the moment unknown, destroys the mutuality of benefit to be derived from the trip. Under the assumed facts, both parties reasonably expected benefit to accrue to both. *Cf. Robb v. Ramey Associates, Inc., supra.*

In support of her second contention, to wit, that the trip was not sufficiently identified with the subject matter of the agreement, defendant points out five reasons for her argument that plaintiff's status was that of a non-paying guest. These are: (1) plaintiff had a car available which he could have used but he chose to ride with her; (2) since defendant was supposed to drive plaintiff back to Wilmington the next day regardless of whether the sale was consummated, there was no benefit moving to defendant; (3) plaintiff was going to visit his own mother and that part of the ride was of no benefit to the defendant; (4) the transportation was afforded the night before the prospect was to be seen and accordingly had nothing to do with the business arrangement; (5) the business arrangement was not to commence until the following day.

I shall not pause to take up these points individually. Some of them would be more appropriately addressed to the jury; others have little or no bearing upon the immediate question. The jury may believe that Mr. Engle accompanied Mrs. Poland at her request solely to make sure that he would be in Penns Grove in time for the next day's arrangement; the jury may also find that the only reason for his taking the trip was to try to make the sale, the visit to his mother's home being purely incidental to the main object of the trip. It cannot be said as a matter of law that the trip was not connected with the subject matter of the agreement. The matter is one for the jury.

Defendant's motion for summary judgment must be denied.