GRACE COLOMBO and PASQUALE COLOMBO, Plaintiffs, v. SAMUEL SECH, JOHN WILLIAM KENYON, JOHN WILLIAM KENYON, INC., HELEN McCABE, Defendants.

*(August* 4, 1960.)

BRAMHALL, Justice, sitting by special appointment of the Chief Justice.

*Stewart Lynch* for plaintiffs.

*Joseph H. Flanzer* for defendant, Helen McCabe.

*William Prickett, Jr.* (of the firm of Prickett and Prickett), for defendants, Samuel Sech, John William Kenyon and John William Kenyon, Inc.

Superior Court for New Castle County, No. 420, Civil Action, 1958.

BRAMHALL, Justice:

Plaintiffs brought suit against defendants for personal injuries sustained by plaintiff Grace Colombo (hereafter plaintiff) on April 15, 1957, when an automobile in which she was riding on Governor Printz Boulevard, near its intersection Rysing Drive, Brandywine Hundred, New Castle County, Delaware, was involved in a collision with a truck operated by defendant Sech. The automobile in which plaintiff was riding was owned by one Gladys McCafferty, who is not a party to this suit. Plaintiff was being driven from Chester, Pennsylvania, to Frederica, Delaware, under an agreement with the owner that plaintiff was to

pay or share in all expenses and costs of the trip. Mrs. McCafferty, the owner, drove for a time and then requested the defendant McCabe to drive. The latter was driving when the accident occurred. A motion for summary judgment was filed, alleging that at the time of the accident plaintiff was a "guest" of defendant Helen McCabe and therefore responsible only for wilful and wanton negligence.

Although the allegations in the complaint allege generally that defendant McCabe as the driver of the automobile was guilty of wilful and wanton negligence, the acts of negligence set forth in the complaint do not support such allegations. The sole question involved would therefore seem to be:

Was plaintiff at the time of the accident a guest of Helen McCabe within the language of the Guest Statute [Title 21 *Del. C.*, Section 6101(a)]?

Title 21 *Del. C.* 1953, Section 6101(a) provides as follows:

"No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

I do not agree that at the time of the accident plaintiff was a "guest" of defendant McCabe within the meaning of the statute. The purpose of the statute is to protect one who without benefit to himself transports another in an automobile. This Court has held that the purpose of the statute should not be extended beyond the evils for the correction of which it was designed. *Robb v. Ramey Associates*, 1 *Terry* 520, 14 *A.* 2d 394. The term "guest" as used in the statute presupposes that the person riding in a motor vehicle is a recipient of the hospitality of the owner or driver. *Robb v. Ramey Associates, supra.* Under

the facts of this case as presented in the pleadings, the only person to whom such term could possibly apply would be the owner. The action in this case is not based upon the allegation that plaintiff was a guest of the owner but upon the allegation that she was the guest of the driver, McCabe. If plaintiff was not a guest of the owner, I fail to see how there can be any implication that plaintiff was the guest of the driver, Mrs. McCabe, who was driving at the request of the owner.

The record is devoid of any facts from which an inference may be drawn that plaintiff was a guest of Mrs. McCabe. On the contrary, the evidence clearly refutes such inference. Initially, the only relationship between plaintiff and Mrs. McCabe was that both were riding in the same automobile. The fact that at the time of the accident Mrs. McCabe was performing a gratuitous service for the owner, at the owner's request, does not in my opinion change the relationship between plaintiff and Mrs. McCabe in the slightest.

The motion for summary judgment is denied.