**Woodrow D. WILSON, Administrator of the Estate of Woodrow Wilson, Deceased, Plaintiff,**

v.

**Robert J. WORKMAN, Defendant.**

**Civ. A. No. 2068.**

United States District Court
D. Delaware.
March 28, 1961.

Thomas J. Healy, Jr., Wilmington, Del., for plaintiff.

William Prickett, Jr., (of Prickett, Prickett & Tybout), Wilmington, Del., for defendant.

STEEL, District Judge.

This opinion is explanatory of the Court's prior action in orally denying the motion of the defendant for a directed verdict at the close of plaintiff's case.

Plaintiff's decedent was killed while riding in his own automobile when it was being operated by defendant at defendant's request and with decedent's consent on a social occasion. No monetary consideration was paid by either party to the other in connection with the transportation. Initially, decedent, accompanied by defendant, drove the car to a restaurant where they dined. After dinner defendant asked decedent for permission to drive and decedent acceded. While defendant was at the wheel the car skidded, struck a light standard and decedent was killed. Since decedent was single, the action was begun under Del. Code Ann.Tit. 10, § 3704(b) (1953).

The acts which gave rise to the litigation took place in Delaware, jurisdiction is based solely upon diversity of citizenship, and the rights of the parties are governed by Delaware law. The Delaware Code, Tit. 21, § 6101(a) (1953) provides:

"§ 6101. *Injury to non-paying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles*

"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

Defendant contends that decedent was a non-paying guest of the defendant within the meaning of § 6101(a), that the proof fails to establish that the accident was intentionally caused by defendant or by his willful or wanton disregard of the rights of others, and hence the action should be dismissed.

Defendant's analysis of the proof is correct. Viewing it most favorably to plaintiff, it establishes only ordinary negligence on defendant's part. Consequently, the disposition of defendant's motion depends upon whether the decedent was a non-paying guest.

Defendant asserts that because decedent was not paying for his transportation, he must have been defendant's guest. To accept defendant's argument the statute would have to be inter-

preted as though it read "no person transported by the * * * operator of a motor vehicle * * * without payment for such transportation shall have a cause of action for damages", etc. The words of the statute "as his guest" would have to be treated as surplusage. Such a reading would do violence to the rule of statutory construction that all words of a statute be given effect if this can be done consistently with a plainly disclosed legislative intention. McDonald v. Thompson, 1938, 305 U.S. 263, 266, 59 S.Ct. 176, 83 L.Ed. 164. It is not to be supposed that in a statute designed to limit the claims of "guests", the words "as his guest" were a meaningless additive.

This view is confirmed by the history of the statute. Its forerunner is found in 36 Del.Laws, Ch. 270, § 1 (1929) which provides:

> "Section 1. That the operator or owner of a motor vehicle shall be relieved from any liability whatsoever for injuries suffered or sustained by any person while riding with said operator or in said owner's car free of charge."

Gratuitous transportation alone brought this statute into operation. Whether or not the claimant was a guest was not material. The word "guest" was not mentioned. Because the statute provided an absolute rather than a qualified immunity from liability, it was held unconstitutional in Coleman v. Rhodes, Del.Super.1932, 5 W.W.Harr. 120, 159 A. 649. At the next term of the legislature the statute was amended to its present form insofar as automobile passengers are concerned. 38 Del.Laws, Ch. 26, §§ 1, 2 (1933).[1] It now applies to a claimant if he is injured while being transported "as [a] guest without payment for such transportation". The inclusion of the words "as [a] guest" in the 1933 amendment cannot be deemed inadvertent, but must be viewed as imposing a new factor to the application of the statute—viz., that the plaintiff be a guest.

■ Even without this historical approach, Engle v. Poland, Del.Super.1952, 8 Terry 365, 91 A.2d 326, 328, emphasized that in order to bring the present statute into play two factors must appear in combination: first, claimant must be a guest of the owner or operator; and second, the owner or operator must not have received payment for the transportation. One circumstance without the other is not enough. Both must concur for the statute to apply.

Defendant next argues that if "guest" has separate content in determining the application of the statute, then decedent was a guest of defendant at the time of the accident.

■ The case law will not support this conclusion. For the most part the Courts have held, under guest statutes substantially similar to that in Delaware, that the owner of an automobile does not become the guest of another passenger simply because the owner is riding in the car and the other passenger is operating the car with the owner's permission when an accident occurs. Leonard v. Helms, 4 Cir., 1959, 269 F.2d 48; Lorch v. Eglin, 1952, 369 Pa. 314, 85 A.2d 841; Gledhill v. Connecticut Co., 1936, 121 Conn. 102, 183 A. 379; and Ray v. Hanisch, 1957, 147 Cal.App.2d 742, 306 P.2d 30. While Phelps v. Benson, 1958, 252 Minn. 457, 90 N.W.2d 533, reaches a contrary result, it is at odds with most of the cases, 65 A.L.R.2d 312–313.

■ In addition, to interpret the statute so as to bring the defendant within its reach violates the ordinary usage of "guest". This term as customarily understood connotes a relationship between persons in which one, the guest, receives some measure of hospitality from another, the host. This conceptual relationship has been recognized by the Delaware courts in discussing its guest statute. In Colombo v. Sech, Del.Super.

1. In 47 Del.Laws, Ch. 49 (1949) the statute was amended to extend its operation to claims of persons injured while riding in boats, airplanes, or other vehicles.

1960, 163 A.2d 270, 272, the Court said that a "guest" is a "recipient of the hospitality of the owner or driver", citing Robb v. Ramey Ass'n, Inc., Del.Super.1940, 1 Terry 520, 14 A.2d 394. And in Gallegher v. Davis, Del.Super.1936, 7 W.W.Harr. 380, 183 A. 620, 622, the Court refers to the relationship between a "guest" and an "automobile host" as though one were the antithesis of the other.

During a pre-trial argument it was stipulated that decedent's insurance policy protected defendant, while driving decedent's car, from personal injury claims. Consequently, plaintiff is, in effect, suing his own insurance carrier. Because of this defendant argues that the meaning of "guest" should be extended to effectuate the purpose of the statute announced in Gallegher v. Davis, supra. There, the Court indicated that the statute was enacted to mitigate collusion among parties to automobile accidents in order to collect insurance.

But a guest statute is no final answer to collusion. It is still possible for the dishonest to fabricate evidence to support the higher degree of fault required by the statute. 2 Harper & James, Torts 961 (1956). Moreover, there is another purpose which has been ascribed to the guest statute. Engle v. Poland, supra, 8 Terry at page 328, 91 A.2d at page 328, states:

> "The purpose of the statute is to protect one who, generously, without accruing benefit, has transported another in his vehicle."

It would run counter to this policy to read the statute to include the decedent. The evidence shows that defendant requested the privilege of driving the car. Decedent acquiesced. There is no proof or inference that by permitting defendant to drive, decedent obtained any desired benefit. Conversely, defendant continued to receive transportation at no cost with the added benefit of satisfying his desire to drive. If the statute should be construed to limit decedent's right to recover, as defendant urges, its purpose to protect one who generously provides another with transportation will be frustrated.

This Court is not disposed to deviate from the weight of prior authority, disregard the usual meaning of the statutory language, and subvert the legislative policy expressed in Engle v. Poland, supra, in order to reach a result which only possibly may effectuate another policy stated in Gallegher v. Davis, supra. Accordingly, the construction of the Act which defendant presses will not be accepted.

In denying defendant's motion the Court is not deciding that an owner can never be a guest under the guest statute if he is injured while being driven in his own car by another person. It is holding only that under the present facts, the owner did not have guest status.