ELLEN DUNN, Plaintiff, v. WILLIAM E. STUMBERS and CHARCOAL BOWL, INC., a Delaware Corporation, defendants.

(*September* 25, 1961.)

DUFFY, J., sitting.

*Emmett J. Conte, Jr.*, and *David B. Coxe, Jr.*, for plaintiff.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) and *Januar D. Bove, Jr.*, for defendants.

Superior Court for New Castle County, No. 1015, Civil Action, 1960.

DUFFY, J.:

This is an action for personal injuries sustained by plaintiff while a passenger in an automobile driven by defendant William E. Stumbers ("Stumbers"). It is alleged that the injuries resulted from Stumbers' negligence. After discovery was had, both defendants moved for summary judgment on the basis of the Delaware Guest Statute. 21 *Del. C.* § 6101.

The following facts appear from the record now before the Court:

Stumbers was the manager of a restaurant operated by defendant Charcoal Bowl, Inc. ("Charcoal Bowl"), at which plaintiff was employed as a waitress. On March 30, 1960,

plaintiff called Stumbers' home, spoke to his wife, and said that she would be unable to report for work as scheduled at 11 A.M. that morning because she did not have transportation. Stumbers told his wife to tell plaintiff that he would drive her to work. This was done. Stumbers picked up plaintiff in his own automobile at her home at about 10:45 A.M. A collision occurred on the way to the Charcoal Bowl. Plaintiff was injured.

Stumbers lives in Delaware. The Charcoal Bowl is in Delaware. Plaintiff lives in New Jersey. To get to plaintiff's home from his own, Stumbers drove across the Delaware Memorial Bridge. The collision occurred during the return trip at a point 3/10 miles east of the toll gates on the Delaware side. At the time plaintiff had fifty cents in her hand with which to pay Stumbers for the bridge tolls going to and from New Jersey. Stumbers had picked up plaintiff on a few prior occasions when she did not have transportation, and plaintiff had reimbursed him for the toll charges.

Defendants contend that in driving plaintiff to work Stumbers was merely doing her a personal favor. They say that plaintiff was in need of money, that her husband was not employed at the time, and that Stumbers' action was in line with his policy of trying to be helpful to employees in personal matters. Defendants also say that replacement waitresses were available on the day of the collision and that one of them could have substituted for plaintiff (and that, in fact, one did substitute after the collision). In short, defendants contend that Stumbers was not driving his car for his own benefit or that of the Charcoal Bowl.

The Delaware Guest Statute provides in pertinent part as follows:

"No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for in-

jury, death or loss, in case of accident, * * *." 21 *Del. C.* § 6101(a).

Under this statute, a guest is one who takes a ride in an automobile driven by another merely for his own business or pleasure without making any return or conferring any benefit upon the driver. *Elliott v. Camper*, 1937, 8 *W. W. Harr.* 504, 194 *A.* 130. Benefit, if any, to the driver thus becomes a key factor in determining the status of the passenger. Obviously the statute does not apply if the transportation is provided solely for the driver's benefit. And it is equally clear under our law that the statute is not operative if the transportation is for the benefit of both passenger and driver. *Robb v. Ramey Associates, Inc.*, 1940, 1 *Terry* 520, 14 *A.* 2d 394; *Engle v. Poland*, 1951, 8 *Terry* 365, 91 *A.* 2d 326. As to benefit, the courts look to what the driver expected or hoped to get in this regard from the transportation. *Truitt et al v. Gaines, D. C. Del.* 1961, — *F. Supp.* —. Our courts have considered the "benefit" question in several reported opinions.

In *Engle v. Poland, supra,* the court held that there was benefit to a driver who was to share in any commission which the passenger might earn from a sale to a prospective customer to be introduced by the driver. And the collision occurred en route to an intermediate stop the night before the planned visit to the prospect.

In *Robb v. Ramey Associates, Inc., supra,* the court held that the statute did not apply to a passenger being transported to a cemetery by an owner in the business of selling lots in the cemetery; the purpose of the trip was to induce plaintiff to buy a lot. The court said that, at least the transportation was for the mutual benefit of both passenger and driver.

More recently, Judge Leahy, sitting in the United States District Court for the District of Delaware, considered the

benefit question in *Truitt et al. v. Gaines, supra.* There a ten-year-old retarded boy was injured in a school yard while playing during the lunch period. The school was a two-room building where defendant was the senior teacher. Defendant took the boy home in his car and when the child did not return to school for several days, defendant became concerned about him and went to his home. He then took the boy and his mother in his car for the purpose of driving them to a doctor. The accident occurred en route, mother and son were injured. The court found there was a benefit bestowed upon defendant in furtherance of his professional duties and responsibilities; hence, the passengers did not have guest status within the meaning of the Delaware statute.

Defendant seeks to distinguish *Truitt* on the basis that the teacher felt a personal responsibility for the injured child and that in providing transportation he was fulfilling a duty to him. While it is clear from the opinion that the teacher did feel some personal responsibility, neither this subjective concern nor an objective duty determined the result. As I read the opinion, the court said that the statute did not apply because the ride "bestowed upon defendant [teacher] a benefit in furtherance of his professional duties and responsibilities".

In the case at bar, a jury might find that Stumbers' action was performed, in part, at least, for his benefit. He was the manager of the Charcoal Bowl. Two waitresses were due to report for duty at 11 A.M. when the restaurant opened. Plaintiff was one of these. At sometime that morning (at what hour is not clear), Stumbers was informed that plaintiff could not report for work at all that day because she did not have transportation. Stumbers thus had to decide whether to provide transportation (which plaintiff had not requested) or to seek a substitute. It seems clear from the record that a relatively short drive to plaintiff's house was involved. Apart from the question as to whether a substitute waitress could have been obtained for duty that morning, Stumbers' de-

cision to pick up plaintiff assured him of her presence. And that removed the necessity for seeking a substitute. Under this circumstance, I cannot say as a matter of law that no benefit resulted to Stumbers.

In the view I have taken of the case, is is unnecessary to consider plaintiff's contention that the fifty cents paid for bridge tolls was a consideration for the ride.

Defendants' motion for summary judgment is denied.