MARYLOU C. FIELDS, Plaintiff v. SYNTHETIC ROPES, INC., a corporation of the State of Delaware, Defendant.

*(April* 25, 1966)

STOREY, J. sitting.

*Harold Leshem,* of Leshem & Rubenstein, and *Sheldon Albert,* of the office of James E. Beasley, Philadelphia, for plaintiff.

*William Prickett,* and *Roger Sanders,* of Prickett & Prickett, for defendant.

Superior Court of Delaware for New Castle County No. 80 Civil Action 1964.

STOREY, Judge.

This is a personal injury action against Synthetic Ropes, Inc., a

corporation of the State of Delaware, arising out of a motor vehicle accident which occured on March 14, 1962. The plaintiff, Marylou Fields, was a passenger in an automobile owned by defendant corporation and operated on the date of the accident by her husband, John W. Fields, who was president and a stockholder of the corporation. A brief chronology of events is as follows:

On the evening of the accident, Mr. Fields arrived home in Wilmington, Delaware, at about 6:30 P.M. from defendant corporation's plant at Chester, Pennsylvania. He had planned a sales trip on the following day for defendant corporation. Both he and Mrs. Fields therefore decided to go to dinner and then to proceed to defendant's plant at Chester, where Mrs. Fields was to help her husband ready himself for the ensuing sales trip by making rope samples and by typing an itinerary. She was to receive no compensation for her assistance, nor was she on defendant corporation's payroll. At one time she had acted as secretary to her husband and another employee on a voluntary basis and for no compensation. Subsequently, the Fields adopted a child and her assistance was irregular. She did assist her husband many times prior to the date of the accident with rope samples and typing an intinerary. Between 7:30 and 8:00 P.M., the Fields left their home and proceeded to the Town House Restaurant in Media, Pennsylvania. After dinner, and sometime between 11:00 P.M. and 1:00 A.M., they left the restaurant and drove south on Route 1, planning to use Route 322 to get to defendant's plant. Mr. Fields, however, missed the turn-off and indicated that he would use a road farther south. While so preceeding south, the accident occurred which injured plaintiff wife.

Defendant corporation has moved for a summary judgment and in support of said motion submits that Delaware's guest statute, 21 *Del.C.* Sec. 6101(a), bars plaintiff's cause of action because at the time of the accident, she was a guest in defendant's automobile within the purview of said statute. In short, defendant argues that plaintiff intended or did no more than any other helpful wife would have done under similar circumstances. No benefit, be it payment or otherwise, flowed to the defendant corporation or to its employee and operator of

the motor vehicle, her husband. Thus, as a matter of law, defendant contends the guest statute applies and bars plaintiff's recovery.

The guest statute reads as follows [6101(a)] :

"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

The purpose of the guest statute is to protect one who generously, without accruing benefit, has transported another in his motor vehicle. *Engle v. Poland,* 8 Terry 365, 91 A.2d 326 (1952); *Colombo v. Sech,* 2 Storey 575, 163 A.2d 270 (1960). It was not intended by the legislature to deny a right of action for injury suffered through the negligence of the owner or operator of an automobile by one who is being transported for the benefit of the owner or operator or for the benefit of both the passenger and the owner or operator. *Robb v. Ramey Associates, Inc.,* 1 Terry 520, 14 A.2d 394 (1940), [Citing *Kruy v. Smith* et ux., 108 Conn. 628, 144 A. 304 (1929).]

One who rides in an automobile driven by another merely for his own business or pleasure, without making any return or conferring any benefit upon the driver, is a guest within the statute. Benefit to the driver is the crucial factor in determining whether a passenger in any given circumstances is a guest within the scope of the statute. The guest statute is not applicable where the transportation is provided solely for the driver's benefit or for the benefit of both passenger and driver. *Dunn v. Stumbers,* 4 Storey 102, 174 A.2d 567 (1961).

It is the settled law in Delaware that "payment" under the guest statute need not be cash and is not an indispensable requisite to constitute one a passenger. *Elliott v. Camper,* 8 W.W.Harr. 504, 194

A.130(1937); *Robb v. Ramey Associates, Inc.,* supra; *Wilkes v. Melice,* 9 Terry 206, 100 A.2d 742 (1953); *Dunn v. Stumbers,* supra; *Truitt v. Gaines,* D.C., 199 F.Supp. 143, 318, F.2d 461 (Third Circuit, 1963).

In *Robb v. Ramey Associates, Inc.,* supra, .defendant, whose business it was to sell burial lots in a certain cemetery, was transporting plaintiff to a cemetery to induce plaintiff to buy a burial lot. The Court, holding the guest statute inapplicable, stated that the relationship discussed was not that of mere friendship, nor was it the social one of hospitality, and at least the trip was for the mutual benefit of both plaintiff and defendant.

In *Dunn v. Stumbers,* supra, the Court, in denying summary judgment to a defendant restaurant manager who at the time of the automobile accident had been transporting a waitress employed at the restaurant to work because she had no other means of transportation that day, held that it was a fact question as to whether defendant manager expected to derive some benefit from transporting the plaintiff waitress and that in the case at bar the jury might find that his action was performed in part at least for his benefit. The defense in the *Dunn* case contended that the defendent Stumbers was only doing the waitress a "personal favor" in line with his policy of trying to be helpful to employees in their personal affairs, and also that other waitresses were available and could have substituted for the plaintiff waitress. The Court, however, ruled that it would not hold as a matter of law that no benefit resulted to the defendant.

Finally, we come to *Truitt v. Gaines,* supra. Here, the U.S. Court of Appeals held that a retarded pupil and his mother were not guests under the Delaware guest statute in an automobile which, at the time of the accident, was being operated by the pupil's school teacher, who was taking them home from a doctor's office. The Court held that the evidence sustained the District Court's conclusion that the teacher took the retarded pubil, who had been injured on the school grounds several days earlier, and his mother from home to the doctor's office to promote the mutual interests of the teacher and pupil and his mother,

and that the transportation of the pupil to the doctor's office was a "tangible thing which was substantial because it related to the teacher's employment as a teacher". The Court cited *Dunn v. Stumbers,* supra, as quite analogous to the facts present before it, and stated that the Delaware decision was resolved upon the same principles which guided the District Court. In *Truitt v. Gaines,* supra, the defense contended that the school teacher's act in transporting the pupil and his mother to the doctor was performed solely out of charity for the Truitts and solely as a humanitarian act. In a word, the host driver received only a benefit in terms of feeling himself to be a good humanitarian. The Court, however, held the facts in the record did not justify such conclusion. Testimony of the State Superintendent of Schools, of a fellow teacher, and of defendant teacher himself showed that what he did was within a teacher's expected responsibility and that he acted both as a human individual and as a teacher. The Court of Appeals concluded that the District Court, believing this testimony, had ample reason for finding that the defendant teacher took the pupil for medical care to promote the mutual interests of both himself and the pupil and his mother.

The case law of Delaware and the principles set forth therin having been reviewed, it is now incumbent upon this Court to apply them to the facts presented here in ruling upon defendant's motion for summary judgment. It is to be noted, first, that in ruling upon defendant's motion, the facts are to be construed in the light most favorable to the plaintiff. *Engle v. Poland,* supra. Secondly, the guest statute, because it is in derogation of the common law, is to be strictly construed against the owner and operator. *Truitt v. Gaines,* supra. This Court cannot say as a matter of law that the Delaware guest statute applies and bars plaintiff's cause of action. In the case at bar, the trier of fact might find that Mr. Fields, while acting within the scope of his employment as president of defendant corporation in preparing for an ensuing sales trip and by driving to defendant corporation's plant on the night of the accident in the corporation's automobile, expected to derive some benefit for the defendant corporation through the assistance of his wife, and the trier of fact might find that their actions on the evening in question were performed

in part at least for defendant's benefit. Certainly, this Court cannot rule as a matter of law that because defendant's president and the plaintiff are husband and wife, the evening of March 14th was purely a social occasion, or if any assistance was rendered by the plaintiff, it arose solely out of the marital relationship. To do so would be to ignore the evidence presented. It may well be that the trier of fact may find, as did the Court in *Truitt v. Gaines,* supra, that the transportation of Mrs. Fields to defendant corporation's plant in defendant's automobile to make rope samples and to prepare an itinerary was a tangible thing which was substantial because it related to her husband's employment as president of defendant corporation who was about to embark upon a sales trip, or it may choose to believe that Mrs. Fields' only reason for being in defendant's automobile on March 14, 1962, was to have dinner and to be a helpful wife. In a word, there is no rule of law present in the Delaware decisions upon which this Court must declare as a matter of law that the guest statute applies; nor is there any one fact that has been presented which is determinative of the issue. The fact that Mrs. Fields was not to be paid in money cannot be the test. *Robb v. Ramey Associates, Inc.,* supra, *Dunn v. Stumbers,* supra, *Truitt v. Gaines,* supra. The fact that the transportation on the evening of March 14, 1962 was "in part" for a social or other reasons appears not to be crucial. *Dunn v. Stumbers,* supra. The fact that plaintiff and defendant corporation's president, and operator of the automobile, are husband and wife does not compel dismissal of the cause of action as a matter of law. The key factor, it would seem, is and shall be "benefit" to the owner or operator of the motor vehicle, and upon this question there is a material issue of fact. Based upon the Delaware law, as reviewed above, and considering the facts in a light most favorable to the plaintiff, defendant's motion for summary judgment is denied.