**Theresa E. DIXON, a minor by her Guardian ad Litem, Mary I. Dixon, and Theodore E. Dixon, individually, Plaintiffs,**

**v.**

**John SWITZENBERG, Defendant.**

**Civ. A. No. 3167.**

United States District Court
District of Delaware.

Jan. 16, 1967.

Albert L. Simon, Wilmington, Del., for plaintiffs.

C. Waggaman Berl, Jr., Berl, Potter & Anderson, Wilmington, Del., for defendant.

OPINION

LAYTON, District Judge.

This is a diversity action for the recovery of damages by the plaintiff, a minor, through her guardian ad litem, for personal injuries suffered in a one-car accident in a parking lot in Wilmington, Delaware. Also included is a cause of action by her father for medical expenses he paid on account of said injuries. Del-

aware substantive law applies. The defendant has filed a motion for summary judgment on the ground that plaintiffs' causes of action are barred by the Delaware Guest Statute (21 Del.C. § 6101).

The Guest Statute reads, *inter alia:*

"(a) No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

The facts are not in dispute although counsel differ as to the inferences to be drawn therefrom. Plaintiff's (Theresa's) mother was away. Defendant, Switzenberg (Theresa's brother-in-law) and his wife, Theresa's older sister, had agreed to "baby-sit" for her. They had also agreed to do the laundry for Theresa's mother in her absence. It was understood that Theresa was too young to be left alone at any time. Accordingly, defendant drove Theresa, his wife and another sister, Sandra, to a Laundromat in order to do the Dixon laundry. When the laundry was finished, defendant was in the driver's seat, Theresa in the right-hand front seat and defendant's wife, in the rear. Defendant decided to play a joke on Sandra by locking the car doors and making her run after the car to a light pole about 100–150 ft. distant before letting her in. This pole was a heavy one set into the macadam parking lot in front of the Laundromat. When Sandra came out of the Laundromat carrying the laundry, she approached the car. Defendant yelled through the window that he would pick her up at the designated pole which was in plain sight. He started the car and Sandra momentarily ran along the side holding on to the door handle but shortly let go and started to drop behind. Defendant then glanced over his shoulder to be certain Sandra had relinquished her grip on the door handle and speeded up. By the time his eyes returned to the roadway, the car was only "5 or 10" feet from the pole and it collided therewith so violently as to hurl plaintiff through the windshield seriously injuring her and doing some $1200 damage to the car. Defendant had driven a car for three years and must be regarded as an experienced driver.

Generally, under the Guest Statute two problems arise: first, whether the plaintiff is a "guest" within the meaning of the Statute and second, if so, was the defendant guilty of intentional, wanton or wilful conduct. Both questions are raised by defendant's motion here.

■■ Inasmuch as the Guest Statute is in derogation of the common law, it is generally interpreted strictly against the owner and operator, Fields v. Synthetic Ropes, Inc., 219 A.2d 374 (Del.Super. 1966); Truitt v. Gaines, 199 F.Supp. 143 (D.C.Del.1961), Aff'd 318 F.2d 461 (3rd Cir. 1963). Moreover, in order to render the Statute inoperative, the facts must reveal some benefit to the driver or both to the driver and passenger. Fields v. Synthetic Ropes, Inc., supra.

In the facts present here, it is almost impossible to spell out any benefit accruing to the driver. He (and his wife) were benefiting plaintiff's mother in baby-sitting for her. They were benefiting plaintiff's mother as well as plaintiff in doing their laundry. They were benefiting the mother's peace of mind as well as plaintiff's safety in following Mrs. Dixon's wishes not to leave the child alone at any time. They were receiving nothing in return for the favor rendered.

On the other hand, the decisions of the Delaware Superior Court, as well as the United States District Court for Delaware, have found a benefit to the driver under such debatable facts as almost to torture the common understanding of the word.[1] For instance, in Fields v. Syn-

---

1. "Benefit: An act of kindness; something that promotes well being; advantage; useful aid; help; financial help in time of sickness, old age or unemployment." Webster's Seventh New Collegiate Dictionary.

thetic Ropes, Inc., supra, a wife, plaintiff, drove with her husband to his office to help him ready himself for a business trip. She was to receive no pay. They planned to have dinner before going on to the plant. After dinner at a restaurant, and even before arriving at the plant to assist her husband in his preparation, the accident occurred out of which the suit grew. The Superior Court held that there was some possible benefit to defendant company, the employer of plaintiff's husband, and therefore the wife's cause of action was not barred by the Guest Statute.

In Truitt v. Gaines, supra, a rural school teacher, charged with responsibility over the welfare of the school's students both in and out of class, drove a pupil to the doctor's office several days after the former incurred injury on the school playground. There was an accident en route. Seemingly, there was no benefit to the defendant teacher but the District Court held that he incurred a benefit in furtherance of his "professional duties and responsibilities."[2] The Third Circuit Court on appeal affirmed by a four-to-three decision.

In Dunn v. Stumbers, 4 Storey 102, 174 A.2d 567 (Del.Super.1961), a waitress telephoned defendant, her employer, that she could not get to work that morning for lack of transportation. Plaintiff needed the work for her husband was unemployed. Two other part-time waitresses were available as substitutes, neither of whom needed transportation. Nevertheless, defendant drove considerably out of his way to pick up plaintiff to transport her to work, during which drive the accident happened. The Superior Court held there might be some benefit to the driver and denied defendant's motion for summary judgment.

While in *Fields* and *Truitt* some benefit, though highly questionable, might be found to have accrued to the defendant, in *Dunn* I see none whatever other than the dubious argument that in offering to drive his employee, defendant was cementing her loyalty for the future.

Likewise, I can discern no benefit to defendant in the case at bar even viewing the facts in a light most favorable to plaintiff. To the contrary, the benefit seems to have accrued entirely to the mother and her daughter, the plaintiff. Accordingly, I will grant summary judgment on this phase of the case. To hold otherwise would, in my view, emasculate the rule requiring a benefit to the driver.

However, summary judgment must be denied as to the question whether the conduct of defendant as above described was wanton. Certainly it was most careless. Clearly it was not intentional or wilful. Whether it was wanton requires a consideration of the true legal significance of the word. The latest definition of "wanton" is to be found in Wilson v. Tweed, 209 A.2d 899 (Del.1965) where the Delaware Supreme Court approved the following language from Wagner v. Shanks, 194 A.2d 701, 706–707 (Del. 1963):

> " * * * Wantonness does not necessarily imply any form of intent to cause the harm which results from some activity. Wanton conduct occurs when a person with no intent to cause harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an imminent likelihood of harm which can result. * * * "

Here, defendant, a driver with three years' experience, in playing a careless practical joke, drove straight toward a heavy pole only 100 to 150 feet distant, and while only 50 to 75 feet distant, took his eyes from the forward progress of the car entirely and accelerated its speed to such an extent and for such a length of time that when he again looked forward, he was only 5 or 10 feet from the

---

2. There is no suggestion in the case that defendant was legally liable for the playground injuries. The child was not even in defendant's class and was not his immediate responsibility. However, defendant was the senior of the two teachers at the school.

pole. He crashed into it with such speed as to do $1200 damage to the vehicle and throw plaintiff through the windshield so seriously cutting her face, head and neck as to incur $1000 of hospital and medical bills. Under such circumstances, this Court cannot say with certainty that wantonness was not present.

Motion for summary judgment denied as to the wanton conduct of defendant.