## COOK *v.* PRYOR

[No. 307, September Term, 1967.]

*Decided October 8, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS, FINAN, SINGLEY and SMITH,
JJ.

*Millard S. Rubenstein,* with whom was *Roland Walker* on
the brief, for appellant.

*J. Edward Davis,* with whom were *Weinberg & Green* on
the brief, for appellee.

PER CURIAM.

Mrs. Cook, the appellant here and plaintiff below, was in-
jured on 9 August 1964 in an accident which occurred in the

42

State of Delaware, while a passenger in an automobile owned and operated by Pryor. When Mrs. Cook sued Pryor for damages, Pryor notified her, as required by Maryland Code (1957) Art. 35, § 50, of his intention to rely on the provisions of the Delaware "guest statute", Del. Code Ann. tit. 21, § 6101(a):

> "No person transported by the owner or operator of a motor vehicle * * * as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

It is well settled that Maryland applies the *lex loci delicti* to cases like the one before us. *White v. King,* 250 Md. 192, 242 A. 2d 494 (1968); 244 Md. 348, 223 A. 2d 763 (1966); *Harford Mut. Ins. Co. v. Bruchey,* 248 Md. 669, 238 A. 2d 115 (1968).

In her pre-trial deposition, Mrs. Cook testified that she and Pryor were members of the Highway Christian Church of Christ in Baltimore; that on 9 August 1964 a group of parishioners traveled by automobile from Baltimore to Laurel, Delaware to attend a church service; that she was a passenger in Pryor's car; that there had been no agreement with respect to the sharing of the expenses of operating Pryor's automobile, and that she had made no contribution toward such expenses. There was testimony, however, that Mrs. Cook had lent Pryor $6.00 to pay the cost of some repairs which had been made to Pryor's car during the trip to Laurel and that the loan had been repaid some time subsequent to the accident. Although Mrs. Cook's amended declaration alleged that the accident had been caused by Pryor's willful and wanton disregard of the safety of his passengers, this contention was not supported by her testimony that Pryor's automobile entered an intersection, had stalled, and was struck by a truck.[1]

---

1. Compare *Romanesk v. Rose,* 248 Md. 420, 237 A. 2d 12 (1968) with *Law v. Gallegher,* 39 Del. (9 W. W. Harr.) 189, 197 A. 479 (1938).

Following the taking of Mrs. Cook's deposition, Pryor moved for a summary judgment. From the order granting this motion, Mrs. Cook appealed.

The rule of the Delaware cases is that the guest statute may be invoked by a driver when a passenger rides for his own pleasure and makes no payment, or, alternatively, when the passenger's presence is of no benefit to the driver. *Fields v. Synthetic Ropes, Inc.,* 219 A. 2d 374 (Super. Ct. Del. 1966); *Truitt v. Gaines,* 199 F. Supp. 143 (D. C. Del. 1962) *aff'd* 318 F. 2d 461 (3rd Cir. 1963); *Asmuth v. Kemper,* 54 Del. (4 Storey) 168, 174 A. 2d 820 (Super. Ct. Del. 1961); *Wilson v. Workman,* 192 F. Supp. 852 (D. C. Del. 1961); *Dunn v. Stumbers,* 54 Del. (4 Storey) 102, 174 A. 2d 567 (Super. Ct. Del. 1961); *Wilkes v. Melice,* 48 Del. (9 Terry) 206, 100 A. 2d 742 (Super. Ct. Del. 1953); *Engle v. Poland,* 47 Del. (8 Terry) 365, 91 A. 2d 326 (Super. Ct. Del. 1952); *Robb v. Ramey Associates,* 40 Del. (1 Terry) 520, 14 A. 2d 394 (Super. Ct. Del. 1940); *Elliott v. Camper,* 38 Del. (8 W. W. Harr.) 504, 194 A. 130 (Super. Ct. Del. 1937).

Mrs. Cook readily admitted that there was no understanding that she would make any contribution toward the expenses of the trip, and in fact, she made none. Since there was no testimony which might have justified a finding by a jury that Mrs. Cook's presence was or would be of benefit to Pryor, the granting of the motion for summary judgment against her was proper.

*Order affirmed; costs to be paid by appellant.*