46 N.J. Super. 33 (1957)
133 A.2d 659
JAMES CASEY, AN INFANT, BY HIS GUARDIAN AD LITEM, ANNE CASEY, AND ANNE CASEY, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
WARREN CUFF, ALSO KNOWN AS JOHN WARREN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 20, 1957.
Decided July 9, 1957.
*34 Before Judges CLAPP, STANTON and FRANCIS.
Mr. Nathan Cholodenko argued the cause for the respondents.
Mr. John J. Gaffey argued the cause for the appellant, Unsatisfied Claim and Judgment Fund Board (Messrs. Minard, Cooper, Gaffey & Webb, attorneys).
The opinion of the court was delivered by STANTON, J.S.C. (temporarily assigned).
This is an appeal by the Unsatisfied Claim and Judgment Fund Board from an order of the Law Division, entered in a summary proceeding pursuant to N.J.S.A. 39:6-69 to 71, directing it to pay the plaintiff James Casey the sum of $4,800 upon his unsatisfied judgment against the defendant.
The board challenges the order on the sole ground that the plaintiff failed to show, as required by N.J.S.A. 39:6-70(c), that "he was not at the time of the accident, a guest occupant riding in a motor vehicle owned or operated by the judgment debtor."
At the trial of the undefended negligence action the plaintiff, according to the transcript of his testimony received in evidence below, said he was riding in the defendant's automobile *35 at his express invitation. However, at the hearing in the proceeding against the board he testified in effect that he was in the car as a licensee; and the defendant, called as a witness by the plaintiff, testified that he extended no express invitation to the plaintiff and other friends to go for a ride in his car  that they were in it at the suggestion of one of them, other than the plaintiff, but that he acquiesced in it; thereafter they started on a pleasure ride and at the time of the accident the defendant was taking them, upon his own suggestion, to see the place where he had formerly resided. No consideration passed from the plaintiff to the defendant for the ride.
The Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., was enacted in 1952, but it applies only to damages sustained after April 1, 1955. There is no reported case in this State which considered the phrase "guest occupant" as used in the statute, or as far as we are aware in any other connection.
The only question here is whether the plaintiff proved that he was not a guest occupant in the defendant's car; and the meaning of that phrase is the crux of it.
It would appear to have been the plaintiff's contention below that he was merely a licensee in the car and as such was not a guest occupant under the statute. The board's position is that the proofs warranted the conclusion that the plaintiff was an express invitee; and even conceding full credit to his and the defendant's testimony at the hearing against the board, he was an invitee by implication; it contends that at the least he was a licensee; and in any event that the phrase guest occupant is broad enough to include him, irrespective of which of the above classifications he falls into.
In this State, as is well known, the operator of an automobile owes to an invitee occupant the duty of reasonable care, while to a licensee occupant he is required only to refrain from the perpetration of acts wantonly or willfully injurious. Cf. Lippman v. Ostrum, 22 N.J. 14, 21 (1956), and cases therein cited. The general rule outside New Jersey *36 is that an invitee and a guest at sufferance, who is an occupant of an automobile with the acquiescence or permission of the owner or operator, or as we say a licensee, are both owed the duty of reasonable care, except in 27 states which have adopted guest statutes, which generally limit the liability to such an occupant to gross negligence or willful and wanton misconduct. As Professor Prosser said in his Law of Torts (2d ed. 1955), at page 451:
"A few jurisdictions, at common law, have proceeded upon a supposed analogy to the cases of gratuitous bailment of chattels, and have held that the driver is liable to the guest only for `gross' or aggravated negligence. In more than half of the states the matter is now governed by automobile guest statutes, which have been enacted under the impetus of a feeling that the gratuitous guest is entitled to no claim against his host for the ordinary mishaps of modern traffic, and under the impetus of the claim of liability insurance companies that frequent collusion between host and guest has increased insurance rates. These statutes, which have been held constitutional, vary greatly in their language, and provide in general that there shall be no liability to an automobile guest who rides without giving compensation unless the conduct of the driver is intentional, or `willful,' `wanton,' `reckless,' `in disregard of the safety of others,' `grossly negligent,' or similar phraseology."
It is appropriate at this point to note decisions in other jurisdictions under guest statutes. In Bree v. Lamb, 120 Conn. 1, 178 A. 919 (Sup. Ct. Err. 1935), it was held under a statute that exempts a host from liability for mere negligence, that if an occupant in an automobile accepts the hospitality of the driver or owner without making any return therefor or conferring any benefit other than the pleasure of his company, he is a guest. In Milkovich v. Bune, 371 Pa. 15, 89 A.2d 320, 322 (Sup. Ct. 1952), in a case governed by the Ohio guest statute, the court adopted the following definition of the word "guest" in an automobile from Dorn v. Village of North Olmstead, 133 Ohio 375, 14 N.E.2d 11 (Sup. Ct. 1938):
"A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his *37 business without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company."
In Elliott v. Camper, 8 W.W. Harr. 504, 194 A. 130, 133 (Del. Super. Ct. 1937) a guest was defined as "* * * one who takes a ride in a car driven by another person, merely, for his own pleasure or on his own business and without making any return or conferring any benefit on the driver of the car."
In the Restatement, Torts, § 490 where it is stated that a passenger or guest in a vehicle is not barred from recovery for harm resulting from the negligence of a third person by the contributory negligence of his carrier or host, we find this definition of the word guest in comment (a):
"The phrase `passenger in a vehicle' is used to denote the fact that the plaintiff is one who is being carried by another for hire. The word `guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road. Thus, one who rides in another's car does not cease to be a guest by paying the bridge or ferry tolls which it is the local custom for a guest to pay. On the other hand, if there is a prior arrangement that there shall be a substantial sharing of the expenses, the host and guest relation does not exist. The person so sharing expenses may be either a passenger or a participant in a joint enterprise."
In 60 C.J.S., Motor Vehicles, sec. 399, there is a discussion of the liability of the operator of an automobile for the safety of a guest therein, and in the course of it there is the following definition of a guest at page 983:
"An automobile guest is a person who rides in the automobile of another, without conferring any benefit on him other than the pleasure of his company."
In Webster's New International Dictionary (2d ed.), there is this definition of the word guest:
*38 "A person entertained in one's house or at one's table; a visitor entertained without pay; hence a person to whom the hospitality of a home, club, etc. is extended."
And in Funk and Wagnall's New Standard Dictionary, we find the following primary definition of guest:
"A person received and entertained at the house of another; a visitor; as a welcome guest. The term is applied with little respect to the duration of the call or visit and whether the person be present by invitation or not * * *."
The statute under consideration is an expression of modern social thinking intended to alleviate to a limited extent the monetary loss of a person injured by a financially irresponsible and uninsured motorist. The fund was created by required contributions from registrants of insured and uninsured motor vehicles and from insurance carriers of automobile liability insurance on motor vehicles which are garaged principally in this state; and the fund is maintained by exactions from registrants of uninsured motor vehicles and such insurance carriers. N.J.S.A. 39:6-63 and 63.1. It is understandable why the Legislature, as a matter of policy, denied coverage to certain unsatisfied judgment holders, and here it may be noted that the statute contains exclusions other than guest occupants. Obviously, a guest occupant injured while riding in his host's car is in a different position than, let us say, a careful pedestrian injured on the highway by the negligence of a motorist who is a stranger to him. As stated above, many states have limited tort liability of motorists to guest occupants. The reasons motivating such legislation probably moved our Legislature to deny access to the board's fund to guest occupants of an uninsured motor vehicle.
In our opinion the plain meaning of the phrase "guest occupant" in N.J.S.A. 39:6-70(c) is a person who is riding gratuitously in a motor vehicle owned or operated by the judgment debtor upon his invitation, express or implied, or with his permission and acquiescence.
*39 Therefore, regardless of whether the plaintiff was an invitee or a licensee as used in our negligence law, the plaintiff was on the proofs before the court below a guest occupant in the defendant's motor vehicle at the time of the accident and he is not entitled to recovery from the fund.
The order is reversed without costs.