52 N.J. Super. 550 (1958)
146 A.2d 227
GEORGIA MOSS, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF CHARLES SIMS, DECEASED, PLAINTIFF,
v.
GLORIA GOVAN AND CHARLES BERMAN, ADMINISTRATOR OF THE ESTATE OF FRANK GOVAN, DECEASED, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided November 21, 1958.
*551 Mr. William Gelfond argued the cause for the petitioner (Mr. Jack L. Cohen, attorney).
Mr. Cornelius W. Caruso argued the cause for the Unsatisfied Claim and Judgment Fund.
*552 CONKLIN, J.C.C. (temporarily assigned).
Charles Sims, deceased, by his administratrix ad prosequendum pursuant to N.J.S.A. 39:6-69 through 71, makes application for an order requiring the Unsatisfied Claim and Judgment Fund to pay $5,000 in accordance with the Security Responsibility Law. The Fund denies its liability to the plaintiff on the ground that N.J.S.A. 39:6-70(c) proscribes liability in this case.
The plaintiff, on application for an order requiring the Fund to make payment, has proffered the following facts. On the day of the accident the defendant Frank Govan, also now deceased, came to the home of the plaintiff decedent Charles Sims and asked him to help in making a delivery of tires. Sims agreed to help in making this delivery if Govan in return would help Sims in certain work he wished done around the house.
The facts above set forth are contained in an affidavit signed by Dolores Sims, who was the administratrix ad prosequendum of the estate of Charles Sims, deceased. This affidavit is filed in accordance with the provisions of N.J.S.A. 39:6-67 through 71, and is a primary requisite before the court could give any consideration to an order for payment from the Fund. At the time of argument the question of the propriety of the affidavit under N.J.S.A. 2A:81-2 (the so-called "Dead Man's Act"), was raised by counsel for the Fund, and the court at the time of the original hearing requested that briefs be filed. The brief on behalf of the applicant does not mention the competency of the affidavit under N.J.S.A. 2A:81-2, and no brief has been furnished by the Fund.
In any event, the court feels that the "Dead Man's Act," N.J.S.A. 2A:81-2, is no inhibition to the receipt of the affidavit in evidence, inasmuch as the affidavit is not filed by Dolores Sims as administratrix ad prosequendum, for her authority under her certificate is only to proceed with the action under the Death Act, and after judgment, her duties cease. There is no proof before the court that she has qualified as general administratrix and therefore should, *553 under the "Dead Man's Act," be disqualified from giving evidence as to any "transaction with or statement by the * * * decedent * * *." In passing, however, I do note that the "Dead Man's Act" has been severely criticized by all writers, and the case of the First National Bank of Toms River v. Levy, 125 N.J.L. 458, at page 460 (Sup. Ct. 1940), seems to qualify a beneficiary under a will to testify, as she was not a party to the suit. The same would be true of the next of kin.
The Fund maintains that the above agreement does not take the plaintiff out of the status of guest, and therefore, plaintiff's application should be denied.
N.J.S.A. 39:6-70 reads as follows:
"The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show

* * * * * * * *
"(c) He was not at the time of the accident, a guest occupant * * *."
In the statute the word "passenger" is not used in section 39:6-70(c), but the Legislature used the term "guest occupant." Evidently, it was their intention to deny payment to a "guest occupant" but not to deny it to all "passengers."
The issue is thus resolved to, "what did the Legislature intend by the word `guest' within the meaning of this statute?" Although the word "guest" has been the subject of judicial construction in a majority of the states, usually in relation to a "guest statute," New Jersey has but one case construing the word guest, Casey v. Cuff, 46 N.J. Super. 33 (App. Div. 1957). The Casey case, supra, although tangentially discussing what elements constitute a guest, has as its ratio decidendi that a guest may be a social invitee as well as a licensee within the provisions of N.J.S.A. 39:6-70.
The decisions in the jurisdictions have largely adopted the language contained in the Restatement of Torts, section 490, defining a "guest" as one carried gratuitously, who *554 therefore may not recover for ordinary negligence under the guest statutes, and a "passenger" as one transported for hire or reward.
Comment (a) of the above section in the Restatement further states:
"The phrase `passenger in a vehicle' is used to denote the fact that the plaintiff is one who is being carried by another for hire. The word `guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road."
Although this application is not made under a guest statute, the distinction made by the Restatement between a guest and a passenger will be accepted by this court.
The word "guest" is further defined in Black's Law Dictionary (4th ed.) as:
"A `guest' in an automobile is one who takes ride in automobile driven by another person, merely for his own pleasure or on his own business, and without making any return or conferring any benefit on automobile driver. Elliott v. Camper, 8 W.W. Harr. 504 [38 Del. 504], 194 A. 130, 133; Blashfield, Cyc. of Automobile Law and Prac., Perm. Ed., Sec. 2291."
The question of who is a guest has bred no small confusion in the law. Although some propositions command wide support, there is a twilight zone within which courts are not in agreement as to whether an occupant is a guest where he confers no benefit upon his host and pays no fare for his transportation. On the other hand, one who pays money directly to his host or is present in the car for the primary furtherance of his host's undertaking has been uniformly held to be a passenger. There is, however, agreement that there need not be direct payment to take the occupant out of the classification of guest. See the Harper and James, Law of Torts, sec. 16.15.
In the case of Liberty Mutual Insurance Company v. Stitzle, 220 Ind. 180, 41 N.E.2d 133 (Sup. Ct. 1942), a *555 complaint which alleged that the plaintiff, a salesman for a furniture store, was riding with the defendant for the purpose of conducting her to a wholesale furniture mart and helping her to select furniture, which would then be sold to her by plaintiff's employer, was held sufficient to take the occupant out of the status of guest as a matter of law.
Where there was evidence tending to show that the defendant asked the plaintiff to accompany him on a trip in order that he may help him in loading and unloading his truck and the defendant was injured on the return trip, it was held in Porter v. Decker, 222 Iowa 1109, 270 N.W. 897 (Sup. Ct. 1937), that the trial court had properly refused to direct a verdict for the defendant, since at most the evidence presented a conflict as to whether the plaintiff was a guest or a passenger.
In most cases where the occupant has been held to be a passenger rather than a guest, the benefits from his presence were generally conferred solely upon the owner and were not mutual to both the plaintiff and his host. However, mutual benefit stemming from an agreement to transport has often and with increasing number been held to be sufficient to classify the occupant as a passenger rather than as a guest. Perusal of 18A Words and Phrases 748 will reveal that mutual benefit from an agreement to transport will take an occupant out of the status of "guest."
An excellent example of this hypothesis is the case of Sparks v. Getz, 170 Kan. 287, 225 P.2d 106, 110 (Sup. Ct. 1950), wherein the court held that an occupant of a car who had an arrangement with his host for a "share a ride" agreement, the motivating factor in this agreement being the saving of transportation expenses, was sufficient payment to take the occupant out of the status of guest. The court reaffirmed the almost uniform proposition that payment need not be in money but may consist of some substantial benefit conferred upon the operator of the vehicle.
In the light of the above cases and with an eye to the underlying reason for the exclusion of a "guest" from the coverage afforded by the Fund, the court holds that the *556 plaintiff was not a guest within the meaning of N.J.S.A. 39:6-70(c), for as the facts stated above showed, the plaintiff was being transported not for his own convenience nor for the everyday social amenities of life, but rather through a mutual agreement which both parties entered into in order to further their own mutual interest.
Petitioner's application is granted. Let an appropriate order be submitted.