73 N.J. Super. 344 (1962)
179 A.2d 785
ESTER SERKES, PLAINTIFF,
v.
NED J. PARSEKIAN, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND SAFETY OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 27, 1962.
*346 Mr. John M. Blume for plaintiff (Messrs. Blume and Blume, attorneys).
Mr. Cornelius W. Caruso for defendant.
MASUCCI, J.C.C. (temporarily assigned).
Plaintiff Ester Serkes seeks the entry of a judgment against defendant Director of the Division of Motor Vehicles and recovery from the Unsatisfied Claim and Judgment Fund pursuant to N.J.S.A. 39:6-78 for injuries sustained by her arising out of the use of a motor vehicle by a person unknown to said plaintiff. In the course of a trial without a jury, at the close of the plaintiff's case, defendant moved for a dismissal. In support of the motion defendant contends:
1. That plaintiff was a "guest occupant" in said automobile and is thereby barred from recovery by virtue of the provisions of N.J.S.A. 39:6-70(c).
2. That plaintiff failed to make all reasonable efforts to ascertain the identity of the automobile and the driver thereof, as required by N.J.S.A. 39:6-78.
The material facts are not in dispute and are as follows: On August 26, 1959 plaintiff and other women were en route to a common destination, a "cabana club," when they were offered a ride by an unidentified person, apparently a fellow member of the cabana club. After the other women entered the automobile and while plaintiff was attempting to enter, said automobile suddenly moved forward, as a result of which she was thrown to the ground *347 and suffered the injuries complained of. Plaintiff then entered the automobile and continued on to the cabana club where she was treated by a Red Cross nurse. The driver of the automobile could not be located at the club. Plaintiff's attorney testified that he was retained on November 14, 1959 and had contacted the owners of the club and subpoenaed its records; that the membership of the club was over 700 in number; and the membership list and a partial identity of the automobile (i.e., dark color, 1958 or 1959 model) were submitted to the Motor Vehicle Department to determine the owner of the automobile. Recourse was also had to the General Adjustment Bureau, which indicated by letter an "inability to check the same because of lack of personnel." He also testified that advertisements were printed in the local Anglo-Jewish paper and in the club newspaper requesting the owner of the automobile to come forward. None of these efforts disclosed the identity of the automobile or owner thereof.
The issues presented for determination are: (1) whether plaintiff has made "all reasonable efforts * * * to ascertain the identity of the motor vehicle and of the owner and operator thereof," as provided by N.J.S.A. 39:6-78; (2) whether N.J.S.A. 39:6-70(c) is applicable, insofar as it bars recovery by a person who is riding as a "guest occupant" in an automobile (This statute has since been amended and paragraph (c) omitted. However it has been stipulated by the parties that their respective rights are to be determined by the statute, if applicable, as it read prior to the amendment); (3) if N.J.S.A. 39:6-70(c) is applicable, was plaintiff a "guest occupant" at the time of the alleged accident, within the intendment of said statute?
There is no exact criterion of what "all reasonable efforts" consist of. Each case depends upon its own circumstances. In the instant case it appears that plaintiff made all reasonable efforts, considering the circumstances in which she found herself. The only possible effort not made was *348 a personal home inquiry of each member, 700 in number. Practicality is an element to be considered in determining reasonableness, and the court finds that such an additional impractical effort on the part of plaintiff would have extended beyond the bounds of reasonableness.
Is the guest exclusion clause of N.J.S.A. 39:6-70 applicable in the instant case? Plaintiff contends it is not on the ground that the "hit-and-run" section of the statute, N.J.S.A. 39:6-78, does not incorporate any clause of N.J.S.A. 39:6-70, except the clause dealing with actions on behalf of insurers. This court finds her argument unsound.
To summarily so confine the application of the "exclusion clause" would be to disregard the essential legislative policy. The failure of the Legislature to incorporate paragraph (c) of N.J.S.A. 39:6-70 into N.J.S.A. 39:6-78 is easily explained. It is quite unlikely that in enacting the "hit-and-run" section of the statute, the Legislature envisioned or intended said section to include a situation where the victim was a guest in the automobile which "hit and ran." Certainly, one could rationally assume that a guest in an automobile would know at least the identity of the automobile and not be a "hit-and-run" victim. As was stated in Casey v. Cuff, 46 N.J. Super. 33, 38 (App. Div. 1957), where a guest was denied recovery from the Unsatisfied Claim and Judgment Fund:
"* * * Obviously, a guest occupant injured while riding in his host's car is in a different position than, let us say, a careful pedestrian injured on the highway by the negligence of a motorist who is a stranger to him * * *."
In view of the peculiar fact situation here presented, and since it is one not precisely covered by any one section of the act, the court must consider N.J.S.A. 39:6-70(c) and 39:6-78, in an effort to carry out the essential legislative policy. The sections of the Unsatisfied Claim and Judgment Act stand in pari materia and so must be considered *349 together in a construction involving the ascertainment of the policy of the enactment. Douglas v. Harris, 35 N.J. 270 (1961).
For the above reasons plaintiff, to recover, must meet the requirement of N.J.S.A. 39:6-70(c), which provides:
"* * * the applicant shall be required to show * * *
(c) He was not at the time of the accident, a guest occupant riding in a motor vehicle owned or operated by the judgment debtor and is not the personal representative of such a guest occupant."
The construction of the statute in question, N.J.S.A. 39:6-70(c), by the Appellate Division in Casey v. Cuff, supra, is not dispositive of the case at bar. All that was construed there was the word "guest occupant," and it was held to mean one who rides gratuitously in an automobile. In the instant case there is no dispute that the intended ride was to be gratuitous. The sole issue here is whether or not plaintiff was a "guest occupant" in the automobile within the meaning of the statute, though she had not yet entered the automobile at the time of the accident but was in the act of attempting to enter.
The cases of other jurisdictions cited by plaintiff in support of her contention that she was not a guest occupant, because she had not as yet entered the auto, are inapplicable to the case at bar. Those cases all dealt with so-called "guest statutes" which bar the right to money damages that a guest occupant riding in an automobile might have against the operator thereof for injuries arising out of such operation. The strict construction in those cases as to the commencement and termination of the guest occupancy is supported by the well settled principle of law that guest statutes must be strictly construed because they are in derogation of the common law. Prager v. Israel, 15 Cal.2d 89, 98 P.2d 729 (Sup. Ct. 1940). However, an altogether different situation is presented in the instant case. Here, the statute to be construed, rather than being in derogation of the common law, gives a right heretofore *350 unheard of, namely, the right to money damages from a state fund. Necessarily, then, in determining rights under this statute the court must be ever mindful of the essential policy of the act, having due regard for the protection of the Fund from abuse and fraud and in a manner to assure that only those persons legitimately entitled to benefits receive them. Douglas v. Harris, supra.
However, in protecting the Fund from abuse, fraud or unspecified claims, this court is still under a duty to give reasonable construction to the acts and circumstances involved and not unfairly lean to a construction against inclusion of the persons the act sought to protect and cover, and thereby defeat the very scope and purpose of said act. The statute must be liberally construed where possible to advance the remedy. Douglas v. Harris, supra.
In determining whether plaintiff was a guest occupant, first to be considered is that plaintiff, at the time of the accident, was not an occupant of the vehicle involved; otherwise she would not have been injured by the movement of the car. At most she was attempting to become and in the act of becoming a guest occupant. Fairness and liberal construction of the act preclude a conclusion of fact clearly nonexistent.
In the recently decided case of Cohen v. Kaminetsky, 36 N.J. 276 (1961), involving a person injured while entering an automobile under circumstances somewhat similar to the facts in the present case, it was established that the issue of whether the injured person was a pedestrian or a passenger while in the act of entering a car, is one of fact for determination by the trier of the facts.
The facts and circumstances in the instant case lead to but one conclusion of fact, that is, at the time of the accident plaintiff was about to become a passenger or guest in said vehicle but had not yet become a guest occupant and, therefore, did not come within the exclusionary provision of N.J.S.A. 39:6-70(c).
*351 The defendant's motion for a judgment of involuntary dismissal is denied and judgment entered in favor of plaintiff and against defendant. This case having been tried on the issue of liability only, the issue of damages will be tried on a date to be arranged between counsel and the court.