76 N.J. Super. 167 (1962)
183 A.2d 887
TYDE NASH, PLAINTIFF,
v.
ANTONIO IAMURRI AND NED J. PARSEKIAN, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 6, 1962.
*168 Mr. John L. McGuire, attorney for plaintiff.
Mr. George D. McLaughlin, attorney for defendant (Mr. Nicholas Scalera, appearing).
*169 FULOP, J.C.C. (temporarily assigned).
This action for personal injuries resulting from an automobile accident was instituted against Antonio Iamurri and, in the alternative, against Ned J. Parsekian, Director of the Division of Motor Vehicles, under the hit and run sections of the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-61 et seq.; L. 1952, c. 174, as amended and supplemented). The actions were severed and plaintiff directed to proceed first against Iamurri. The correctness of this procedure is not now in issue.
The claim against Iamurri came on for trial before me on September 27, 1961. The plaintiff's attorney represented that his investigation led him to the conclusion that he could not prove Iamurri to have been the operator of the car. He produced Mr. and Mrs. Nash who testified that they could not identify the driver of the car that had caused the injuries and rested. Iamurri's attorney moved for dismissal of the action and the motion was granted.
Thereafter the Director moved for summary judgment in his favor. The grounds for this motion were stated to be:
1. That plaintiff has failed to make all reasonable efforts to ascertain the identity of the motor vehicle and the owner and operator of the motor vehicle which inflicted the injuries, as required by N.J.S.A. 39:6-78(e);
2. That plaintiff "has failed to prove that the motor vehicle involved `was in the possession of some person other than the owner or his agent without the consent of the owner and the identity of the operator has not been established,'" under N.J.S.A. 39:6-79, and
3. That "plaintiff has failed to commence `action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect to such damages and prosecuting every such action in good faith to judgment' as required by N.J.S.A. 39:6-70(b)(1)."
This motion was denied and the case held for trial on the fact issues.
*170 The matter is now again presented by letter stipulations of counsel. Both counsel request the court to decide the matter as though at a trial without a jury upon the basis of the following papers:
(a) Transcript of proceedings in Nash v. Iamurri in this court, leading to a judgment of dismissal as to Iamurri;
(b) Transcript of proceedings in the Municipal Court of South Plainfield in State v. Iamurri;
(c) Copy of the blotter or report of the South Plainfield Police Department;
(d) Copy of the report of the State Bureau of Identification comparing paint on plaintiff's car with paint on Iamurri's car;
(e) Copy of letter dated January 4, 1960, from plaintiff's then attorney to the Unsatisfied Claim and Judgment Fund Board.
It is stipulated that these papers constitute all of the evidence on the question presented.
An examination of these papers reveals that on October 11, 1959 plaintiff and his wife attended a party at the Polish National Home in South Plainfield, given for employees of his employer. Anthony Iamurri, a coemployee, was at the same party. At about one o'clock in the morning, plaintiff and his wife left the party and went to his car which was parked on the street. Mrs. Nash entered and sat in the right front seat. Plaintiff was walking in the street to the left door of the car and was about to unlock the door when he was struck by the left front of an automobile which diagonally crossed the center of the street and pinned plaintiff against the side of his automobile. The automobile involved was described as a light green 1955 Chrysler-make car, with white or cream top, and the driver as mumbling in a foreign tongue. Iamurri owned a 1955 green Dodge with a cream top which was parked in the parking lot at the Polish National Home. He is an Italian and does not speak English well.
*171 Nash had worked with Iamurri on some occasions and was slightly acquainted with him. He failed to identify him as the driver of the car on the night of the accident. No charge was made against Iamurri on the evening of the accident and he was permitted to go home.
Sergeant Robert Cobb of the South Plainfield police testified in Municipal Court that he came to the scene of the accident shortly after it had occurred and obtained a description of the car as a light green and cream late model Chrysler make. He located in the parking lot a Dodge fitting the description. It was Iamurri's. He found a slight dent and ripple on the left front fender, and, on the left front fender and bumper, he found some light tan paint similar in appearance to the paint on Nash's car. Although Iamurri said that he had parked his car at about 9 P.M. and had not operated it or permitted anyone else to operate it thereafter, Sergeant Cobb said that the motor was still warm at 1 A.M. on a cold night.
Joseph Zazzara, a police reservist, who speaks and understands Italian, heard the driver speak in a foreign language or accent. On direct examination in municipal court he failed to identify the language. On cross-examination he said it was a mixture of English and Italian, but was mumbled so that he could not make out any words spoken. He did not identify Iamurri as the driver, although he volunteered that he "could almost swear" that it was he.
George Lampard testified that he saw a car pull out of the parking lot of the Polish National Home and make a U-turn in to the parked Mercury, pinning Mr. Nash against it. He described the driver as a short, dark, stocky man but could not identify the defendant.
Detective DeCarlo examined and took photographs of the Nash car. Later he took measurements and a picture of Mr. Iamurri's car. He found some damage on the left front bumperette, on the chrome strip near the left headlight and on the left front fender. He took paint samples from the chrome strip on Iamurri's car. He also took *172 green paint samples from the chrome on the left front door of the Nash car. On October 29, 1959 Mr. Brady of the State Bureau of Identification reported that:
"The paint from the suspect's car compares spectro chemically with green paint taken from victim's car."
The photographs of the automobile have not been presented to me.
Iamurri testified that he was not involved in the accident and had not allowed anyone else to drive his car. He said he had remained in the dance hall from 9:15 until he was called out by the police. He was corroborated by three friends who went to the party with him in his car and who spent the entire evening with him, and by another witness.
A police complaint was made against Iamurri on October 30, 1959, for failing to give notice of and report the accident as required by N.J.S.A. 39:4-130. On February 5, 1960 the magistrate held that he was not satisfied beyond a reasonable doubt that Iamurri was the driver of the car involved in the accident.
On January 4, 1960 plaintiff's then attorney filed a notice of intention to make claim against the Fund. In a letter forwarding the notice he stated that Antonio Iamurri was probably the driver of the vehicle involved. Apparently the attorney sought to be honest with the Fund Board while filing a notice to protect his client in the event that it turned out that Iamurri was not the tortfeasor.
The police record is likewise ambiguous and inconsistent. It refers to the Iamurri car as involved in the accident, but states that Nash was struck by an unknown car. Neither of these two papers would be admissible into evidence against Iamurri.
The Director contends that plaintiff should have presented to this court in the suit against Iamurri all of the evidence which was presented in the municipal court. Counsel indicates that this evidence may well have been insufficient to *173 produce a verdict against Iamurri. Nevertheless, he contends that the act requires that an action be instituted and in good faith prosecuted to judgment against every person in Iamurri's position, and that failure to do so absolutely bars the plaintiff from recovery against the Fund. He further contends that counsel for plaintiff may not make an independent judgment that he cannot succeed against a suspected tortfeasor but must submit all of the evidence to the court in a suit against the suspect. Apparently defendant's attorney would require this procedure if it appeared that the evidence available to the plaintiff might be sufficient to hold the case in on a motion for involuntary dismissal at the end of plaintiff's direct case.
Public policy and legal ethics not only do not require but forbid the pursuit of a claim which is not justified on legal or moral grounds. It is true that an attorney is not required to adjudicate his client's claim. He has a right and a duty to submit to the court when there is any reasonable basis for doing so. But not so in the absence of such basis.
If the result contended for by the Director is to be sustained, it must be based upon the express provisions of the governing statute. Counsel for defendant cites N.J.S.A. 39:6-78(e), 39:6-79, and 39:6-71(b)(1). N.J.S.A. 39:6-78(e) requires all reasonable efforts to ascertain the identity of the tortfeasor and will be discussed at a later point in this opinion.
N.J.S.A. 39:6-79 permits the institution of an action against the Director under the hit-and-run provisions after a claimant has filed suit against a known party and has failed to recover solely because of inability to identify the defendant as a tortfeasor liable for the injuries. The purpose of this section is to excuse the giving of notice of intention to make claim within 90 days after the happening of an accident. Corrigan v. Gassert, 27 N.J. 227 (1958). Nothing in this section expressly or impliedly requires plaintiff to institute an action against a *174 suspected tortfeasor. Since plaintiff in this case gave notice within 90 days after the accident, the section is inapplicable here.
Defendant relies principally upon N.J.S.A. 39:6-71(b)(1). It is advisable to quote all of N.J.S.A. 39:6-71, which reads as follows:

"39:6-71. Order for payment of judgment
The court shall make an order directed to the treasurer requiring him to make payment from the fund of such sum, if any, as it shall find to be payable upon said claim, pursuant to the provisions of and in accordance with the limitations contained in this act, if the court is satisfied, upon the hearing:
(a) Of the truth of all matters required to be shown by the applicant by section 10,
(b) That the applicant has fully pursued and exhausted all remedies available to him for recovering damages against all persons mentioned in subparagraph (m) of section 10 by
(1) Commencing action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages and prosecuting every such action in good faith to judgment and
(2) Taking all reasonable steps available to him to collect on every judgment so obtained and by applying the proceeds of any judgment or recovery so obtained towards satisfaction of the amount due upon the judgment for payment of which the claim is made.
Any amount which the plaintiff has received or can collect by way of payments upon the judgment or by way of settlement of the cause of action, in whole or in part, from or on behalf of any person other than the judgment debtor, described in subparagraph m of section 10, shall be deducted from the amount due upon the judgment for payment of which claim is made."
The "said claim" in the above quotation is that described in N.J.S.A. 39:6-69 and 39:6-70. The claim referred to is a judgment recovered against an identified uninsured motorist from whom plaintiff is unable to collect.
The section does not refer to hit-and-run cases and there is no cross-reference to it nor any similar provision in N.J.S.A. 39:6-78 to 39:6-85 governing hit-and-run cases. It may be seriously doubted that the section applies to this class of cases which is covered by a complete scheme separately set forth in the act. Corrigan v. Gassert, supra.
*175 More importantly, however, N.J.S.A. 39:6-71(b)(1) does not refer to pursuing an action against a person in Iamurri's position. The "all persons" and "all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages" refers back to "other person" in N.J.S.A. 39:6-70. It refers principally to joint tortfeasors. Iamurri was not suspected of being a joint tortfeasor or other person in addition to the unknown tortfeasor. He was suspected of being the sole tortfeasor, the person whose identity could not be established.
Nevertheless, both expressly and impliedly the act requires that the plaintiff make all reasonable efforts to ascertain the identity of the tortfeasor and, if discovered, to pursue him for recovery in good faith before turning to the Fund. The burden is upon the plaintiff to prove, as a condition precedent to recovery against the Director, all of the requirements of N.J.S.A. 39:6-78 (except as N.J.S.A. 39:6-79 may apply). A most important fact required to be proved is that the identity of the tortfeasor cannot be established. The key to the construction of the requirement is the word "reasonable." The requirement of good faith is necessarily implied.
There is no requirement that the plaintiff institute an action against any person against whom it does not appear reasonably likely that liability may be established. The determination of the reasonable likelihood of success must necessarily be made in the first instance by the plaintiff, usually on the advice of his attorney.
The fact that plaintiff did here institute an action against Iamurri places no greater responsibility upon him than if he had not done so at all but had immediately proceeded against the Director alone.
The Director objects because plaintiff's attorney made no effort to prove a case against Iamurri. In effect, he submitted to a voluntary dismissal. There is a suggestion that this action injured the Director. However, the judgment *176 in favor of Iamurri has no effect whatsoever against the Director, who was not a party to the proceeding. The action taken by plaintiff's attorney has no more effect than if plaintiff had not sued Iamurri at all.
As already indicated, plaintiff and his attorney must in all cases under this statute form a judgment as to the course to be pursued. But the reasonableness and good faith of that judgment is not left to their final determination. They must justify it in the suit to recover from the Fund. In that suit, as here, the court, with or without a jury, must determine whether or not plaintiff has brought himself within the terms of the act.
Thus, if it now appeared that plaintiff could reasonably have been expected to establish that Iamurri was the tortfeasor, plaintiff could not recover. But that determination is a factual determination of reasonableness. There is no arbitrary requirement of mechanical steps to be pursued.
On the factual question remaining to be decided, my examination of the transcript of the evidence produced before the magistrate leads me to the conclusion that Iamurri was not involved in the accident. No one identified the driver of the car. Although at least one trained reserve police officer had adequate opportunity to note the license number of the car, there was no evidence on the point. The vehicle was not, in fact, identified. The State Police report on the comparison of paint is largely meaningless without further explanation. In addition, it refers to green paint but makes no reference to tan paint. Plaintiff's car was tan and scrapings of similar paint were allegedly found on Iamurri's bumper. The absence of a report on this paint is significant. The testimony of Iamurri and three or four witnesses to his presence in the dance hall throughout the time when the accident occurred is strong evidence in his favor. The police blotter and the letter sent to the Fund Board by the plaintiff's former attorney would be inadmissible as evidence against Iamurri. They are also completely unpersuasive. There is no suggestion *177 of a clue leading to any other person whom plaintiff should have pursued.
No motivation for pursuing the Fund directly rather than pursuing the tortfeasor has been shown. There is no evidence of bad faith. If the tortfeasor were insured, a verdict against him would presumably be collectible. If not, then the Fund would be liable for payment just as much as under the hit-and-run provisions.
On the basis of the stipulation that all of the evidence available is contained in the above papers, I find as a fact that the requirements of N.J.S.A. 39:6-78(e) have been satisfied.