249 N.J. Super. 104 (1991)
592 A.2d 24
DENISE NORMAN AND CHARLES NORMAN, PLAINTIFFS-APPELLANTS,
v.
SELECTIVE INSURANCE COMPANY AND BOWLING GREEN INSURANCE AGENCY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1991.
Decided June 26, 1991.
*105 Before Judges GAULKIN, SHEBELL and SKILLMAN.
Joseph J. Galiastro argued the cause for appellants (Doyle & Brady, attorneys; Michael B. Zerres, on the brief).
J. David Woods argued the cause for respondent Selective Insurance Company of America (Patricia F. Del Baglivo, on the brief).
Eugene W. Cullen argued the cause for respondent Bowling Green Insurance Agency (Eugene W. Cullen, on the letter brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
*106 Plaintiffs, Denise Norman and Charles Norman, appeal from the Law Division's grants of summary judgment in favor of defendants, Selective Insurance Company of America (Selective) and Bowling Green Insurance Agency (Bowling Green). Plaintiffs filed a four-count complaint, alleging that unidentified defendants, Jane Doe and John Roe, caused Denise Norman personal injury. The Norman vehicle was insured by Selective; Bowling Green, the local agency, sold Mr. Norman the auto insurance policy. Plaintiffs charged that Selective, Bowling Green and certain unidentified agents and employees caused plaintiffs to purchase insurance with inadequate policy limits for uninsured and underinsured motorist protection. Plaintiff, Charles Norman, asserted a per quod claim. Plaintiffs demanded trial by jury.
Selective and Bowling Green moved for summary judgment. Following oral argument, the Law Division judge granted summary judgment to both moving defendants, and dismissed plaintiffs' entire complaint.
Discovery revealed that on April 18, 1986, at approximately 9:15 a.m., Mrs. Norman, then thirty-three-years old, was on her way to work as a medical assistant and receptionist for a doctor in Parsippany. While stopped for a traffic light at the intersection of Berkshire Valley Road and Route 15, her car was struck by a late 1970's green Volvo, driven by a blonde-haired woman in her early forties.
After the accident, both drivers crossed the intersection and pulled into a restaurant parking lot. Mrs. Norman and the other driver determined that, although Mrs. Norman felt shaken up and nervous, both were alright and that neither car was damaged. After about five minutes, the drivers departed without exchanging identities, licenses, or any other information. Neither reported the accident to the police. Mrs. Norman did not notice the license plate on the other vehicle, and no witnesses were identified. The next day Mrs. Norman's neck and *107 shoulder were stiff and painful. Although her back hurt, she did not complain about it at that time.
Mrs. Norman claims severe injury to her back  a lumbar spine injury which required her hospitalization from August 26 to September 7, 1986. She received traction, physical therapy, bed rest, and analgesics. Her treating physician informed Selective by letter dated December 10, 1986 that the back injury resulted from the accident. Mrs. Norman was again hospitalized from January 13, 1987 to February 7, 1987 for a laminectomy and fusion. She underwent a second laminectomy in January 1988.
Plaintiffs initiated this lawsuit in March 1988. The sole issue at the summary judgment hearing was whether the hit-and-run provision of the Selective policy covered Mrs. Norman's accident. The Selective policy defines an uninsured motor vehicle as (1) a vehicle to which no liability bond or policy applies when the accident occurs; (2) with regard to bodily injury only, a hit-and-run vehicle whose owner or operator cannot be ascertained, or (3) a vehicle with a liability bond or policy when the insurance carrier denies coverage or becomes insolvent. The judge found that the Normans could not recover under the uninsured motorist coverage of the policy because "[n]o reasonable effort was made to identify the motor vehicle or the operator thereof, absolutely none."
The Normans contend that an issue of fact existed as to whether Mrs. Norman acted reasonably in failing to determine the other driver's name and other identifying information. The Normans claim that they are entitled to recover under their policy with Selective because by the time Mrs. Norman recognized her injury, the other driver could not be identified, qualifying the accident as a "hit-and-run."
N.J.S.A. 17:28-1.1 requires that each motor vehicle liability policy issued in New Jersey include certain coverage for damages caused by uninsured motor vehicles. The statute defines an uninsured motor vehicle as (1) one on which there is "no *108 bodily injury liability insurance or bond applicable at the time of the accident," (2) one on which "there is bodily injury liability insurance in existence but the liability insurer denies coverage or is unable to make payment" because of bankruptcy or insolvency, or "the Commissioner of Insurance has undertaken control of the insurer for the purpose of liquidation," or (3) a hit-and-run vehicle as described in N.J.S.A. 39:6-78. N.J.S.A. 17:28-1.1e(2). Plaintiff claims that she is entitled to coverage because the automobile that struck the rear of her car meets the definition of a hit-and-run motor vehicle.
N.J.S.A. 39:6-78, which is part of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 to -91, provides, in pertinent part:
When the death of, or personal injury to, any person arises out of ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained..., any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor against the commissioner in any court of competent jurisdiction, but no judgment against the commissioner shall be entered in such an action unless the court is satisfied, upon hearing of the action, that 
....
(e) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established. [N.J.S.A. 39:6-78 (emphasis added)].
Thus, this statutory provision required plaintiffs to make reasonable efforts to identify the owner and operator responsible for Mrs. Norman's accident and injuries.[1]
The motion judge concluded that because Mrs. Norman made no effort to identify the other driver at the time of the accident *109 when the opportunity was clearly available to her, she could not satisfy the reasonable efforts requirement of the statute. Thus, summary judgment was granted in favor of both defendants. The judge stated that to hold otherwise would offend public policy.
A grant of summary judgment is appropriate if there is no real issue of material fact. Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954). The parties agree upon the dispositive facts of the underlying accident. Whether Mrs. Norman made reasonable efforts at the time of the accident to ascertain the other driver's identity is a conclusory fact, which must be determined based on the material facts.
Our Supreme Court has held that "ordinarily conclusory facts as well as underlying operative facts, if reasonably disputable, should be tried rather than determined by summary judgment or by judgment as a matter of law." Thermo Contracting Corp. v. Bank of N.J., 69 N.J. 352, 364, 354 A.2d 291 (1976). Essentially, if the fact finder can reasonably draw or reject an inference or if conflicting inferences may be drawn from a given set of facts, the issue is one of fact, and summary judgment is inappropriate. Bonnet v. Stewart, 68 N.J. 287, 294, 344 A.2d 321 (1975). Here, the Law Division judge granted summary judgment because he erroneously concluded Mrs. Norman could not have made reasonable efforts because she failed to obtain the identification of the other driver at the scene of the accident.
In New Jersey, whether actions taken to ascertain identification constitute reasonable efforts depends on the circumstances of the individual case. Serkes v. Parsekian, 73 N.J. Super. 344, 347, 179 A.2d 785 (Law Div. 1962). The plaintiff has the burden to prove that reasonable efforts were undertaken. Nash v. Iamurri, 76 N.J. Super. 167, 175, 183 A.2d 887 (Law Div. 1962).
*110 No reported New Jersey court has examined reasonable efforts in the precise situation in which both drivers stopped, but did not exchange information because there appeared to be no bodily injury or property damage. In Serkes, 73 N.J. Super. at 344, 179 A.2d 785, the plaintiff suffered injury while attempting to enter the car of an unknown member of her cabana club. Id. at 346-47, 179 A.2d 785. The court found that the plaintiff had made reasonable efforts to identify the other driver where she tried to locate the driver in the club after treatment by a nurse, contacted the club owners and subpoenaed the club's membership list, caused the Motor Vehicle Division to search its records to identify those cabana club members that had cars of the type in which plaintiff was injured, attempted to effectuate a search through the General Adjustment Bureau, and advertised in newspapers. Id. at 347-48, 179 A.2d 785.
In Nash, the evidence suggested that plaintiff had been struck by defendant Iamurri's car, which fled after impact. 76 N.J. Super. at 171-73, 183 A.2d 887. After dismissal of Nash's action against Iamurri because Nash could not identify Iamurri as the car's driver, Nash sued the director of the Division of Motor Vehicles for recovery from the unsatisfied claim and judgment fund. Id. at 169, 183 A.2d 887. The court held that because the evidence suggested Iamurri's noninvolvement in the accident, and there were no clues leading to any other person that Nash could have pursued, Nash expended reasonable efforts. Id. at 176-77, 183 A.2d 887.
In Selimo v. Hartshorn, 99 N.J. Super. 146, 238 A.2d 718 (Law Div. 1968), the defendant's car crossed the highway median and hit the plaintiff's car head-on, injuring the plaintiff. Id. at 150, 238 A.2d 718. The defendant explained that his swerving suddenly to avoid an unlighted car in his lane, being pushed by two boys, caused the accident. Id. Plaintiff was unconscious following the accident. Id. Although the investigating police officer spoke with the two boys and got their names and addresses, he omitted this information from his report and did not recall the boys' identities until personal notes refreshed his *111 memory at trial. Id. at 151, 238 A.2d 718. Plaintiff conceded that before trial he did not interview the policeman or conduct an investigation of the stalled car, relying on the police report. Id. at 152, 238 A.2d 718. By the time of trial, the statute of limitations barred any possible action against the boys. Id. at 152, 238 A.2d 718. The court found that reliance on the police reports was "adequate and reasonable under the existing circumstances." Id. at 161, 238 A.2d 718. In its discussion, the court recognized that in accordance with the the fund's purpose, to provide a measure of relief to otherwise remediless persons, the statute should be liberally construed to advance the remedy. Id. at 157-58, 238 A.2d 718.
We are satisfied that the question of whether Mrs. Norman failed to act reasonably at the scene in not obtaining information about the identity of the other driver or owner is subject to varying inferences and, therefore, may not be determined on summary judgment; it must be left to the trier of fact for final resolution. We conclude that the legislative enactment that resulted in the establishment of hit-and-run protection favors this result. Uninsured motorist provisions are generally interpreted broadly to afford the injured claimant recovery. See Allstate Ins. Co. v. Malec, 104 N.J. 1, 6, 514 A.2d 832 (1986); Mondelli v. State Farm Mut. Auto. Ins. Co., 193 N.J. Super. 522, 524-25, 475 A.2d 76 (App.Div. 1984).
The similarity among almost all uninsured motorist statutes permits the use of judicial decisions from other states for guidance. Satzinger v. Satzinger, 156 N.J. Super. 215, 221, 383 A.2d 753 (Ch.Div. 1978). Thus, the holding in Jones v. Unsatisfied Claim and Judgment Fund Board, 261 Md. 62, 273 A.2d 418 (1971), is instructive. There the unidentified driver, who struck plaintiff with his automobile while claimant was sleeping under a tree in a park, transported claimant, who was in great pain, to a hospital before leaving without claimant obtaining his name or other identification. Id. 273 A.2d at 419-20. The Maryland court excused the claimant's failure to obtain the *112 information at the time of the accident because of claimant's great pain. Id. at 422. In finding that the claimant exerted reasonable efforts, the court pointed out that while the policy concern requiring reasonable efforts is prevention of fraud or collusion or a general pattern of indolent or half-hearted inquiry, claimant's later efforts and his attorney's attempts to investigate while claimant was in the hospital constituted reasonable efforts. Id. at 422-23.
Our conclusion that Mrs. Norman's original failure to obtain the identity of the responsible party might be excusable, however, does not conclude the inquiry. She must prove that she or her representative made reasonable efforts to identify the other driver. N.J.S.A. 39:6-78(e). "[T]he question is whether the claimant and his attorney exhausted available remedies through the exercise of reasonable diligence and reasonable efforts." Selimo v. Hartshorn, 99 N.J. Super. at 157, 238 A.2d 718.
Plaintiffs, to the present time, have failed to provide any evidence of efforts employed to locate the driver or owner of the other vehicle. Similarly, appellants' counsel at oral argument was unable to supply us with any facts demonstrating that efforts to ascertain the identity of the other vehicle were ever undertaken. As the motion judge noted, the other driver, much like Mrs. Norman, may have been on her way to work at that hour of the morning. A simple canvass of passing vehicles at the same time of the mornings following the accident may have produced leads to the identity of the responsible parties. Even reporting the accident to the police shortly after Mrs. Norman experienced symptoms of her injury may have led to an investigation and evidence of identity.
In response to defendants' motions for summary judgment plaintiffs should have demonstrated what other efforts, if any, were made on Mrs. Norman's behalf. R. 4:46-5; see, e.g., Robbins v. Jersey City, 23 N.J. 229, 241, 128 A.2d 673 (1957); James Talcott, Inc. v. Shulman, 82 N.J. Super. 438, 443, 198 *113 A.2d 98 (App.Div. 1964). However, we believe it apparent that the parties focused on Mrs. Norman's conduct at the scene of the accident and not what later efforts may have been undertaken to locate the responsible owner or motorist. Therefore, we remand to the Law Division for clarification of this issue.
If neither the Normans nor their representatives made any effort to ascertain the identity of the other driver, it may be, depending on all of the circumstances, that their failure leads to the inescapable conclusion as a matter of law that the reasonable efforts requirement of N.J.S.A. 39:6-78(e) cannot be satisfied. On the other hand, we can conceive that, in other circumstances, such efforts might appear futile, and therefore, the trier of fact would be required to determine whether the failure to undertake an inquiry and investigation would prevent a finding of compliance with the reasonable efforts requirement.
The orders for summary judgment are reversed. The matter is remanded for further proceedings.
NOTES
[1] We reject as clearly without merit appellants' assertion, made for the first time on appeal, that Selective's policy does not require that the insured make reasonable efforts to identify the other driver.