288 N.J. Super. 268 (1996)
672 A.2d 235
DAVID KERWIEN AND MARGARITA KERWIEN, PLAINTIFFS-RESPONDENTS,
v.
JENNIFER MELONE, LAWRENCE A. MELONE, JEAN MELONE, DEFENDANTS-RESPONDENTS, AND UNIVERSAL UNDERWRITERS INSURANCE COMPANY, DEFENDANT-INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1996.
Decided March 11, 1996.
*269 Before Judges SHEBELL, STERN and WALLACE.
*270 Robert Kaplan argued the cause for appellant (Margolis Edelstein, attorney; Laurie Harrold Rizzo, of counsel and on the brief).
Anthony C. DiLella argued the cause for plaintiffs/respondents (Mr. DiLella, on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
Universal Insurance Company (Universal) appeals from an order of the Law Division compelling arbitration under the uninsured motorist (UM) endorsement of a policy of motorcycle insurance it issued to plaintiff, David Kerwien, on the issue of whether his motor vehicle accident was caused by an unidentified hit and run vehicle. The endorsement, affording coverage of $15,000, covered accidents caused by a hit and run vehicle where the owner or operator "cannot be identified." It required arbitration if the parties were unable to agree as to whether the insured was legally entitled to recover or as to the amount of damages.
Based upon the information available as to the identity of the vehicle, plaintiff sued the Melone defendants, listed below. During the litigation, plaintiff settled with the Melones' insurance carrier for $35,000, without any admission of involvement by the Melones. Universal, therefore, denied that plaintiff was entitled to recover under the UM coverage of Universal's policy.
Thus, the issue presented is whether plaintiff, after obtaining a substantial settlement of his claim against certain parties based on their alleged ownership and operation of the hit and run vehicle, can thereafter obtain UM benefits from his own insurance company. Plaintiff asserts he may collect the difference between the settlement amount he received and the value of his damages to the extent of the UM coverage.
On December 31, 1991, plaintiffs, David Kerwien and his wife, Margarita, filed a complaint in the Law Division against defendants Jennifer Melone and Jane Doe, the alleged operators of the *271 hit and run vehicle, and Lawrence A. Melone and Jean Melone, the alleged owners, for negligence arising out of the accident of June 7, 1991. Defendants' answer denied all allegations of the complaint.
On or about October 26, 1993, Universal moved to intervene, pursuant to R. 4:33-1. Universal was then permitted to intervene as of right.
On May 5, 1994, plaintiff gave a release to the Melones, based upon a settlement with their insurance carrier wherein plaintiff was paid $35,000, without defendants admitting involvement in the collision. A stipulation of dismissal with prejudice as to the Melones was filed.
In August 1994, Universal moved in the same action to prohibit plaintiffs from pursuing a UM claim against it. Plaintiffs cross-moved to compel arbitration. The Law Division judge denied Universal's motion to prohibit plaintiff from pursuing a UM claim, and granted plaintiffs' cross-motion to compel arbitration. This appeal followed.
The facts as presented to us show that on June 7, 1991, plaintiff sustained injuries in a three-vehicle accident on Route 4 in Paterson. Plaintiff's motorcycle was struck by a vehicle that was making an illegal U-turn, causing plaintiff to strike a third vehicle. The vehicle that struck plaintiff's motorcycle fled the scene. Witnesses at the scene identified the fleeing vehicle as a Pontiac Trans Am with a license plate which was initially thought to be "GIN 72."
Shortly thereafter, plaintiff notified Universal of the accident, indicating that should the "investigation not reveal the identity of the automobile which fled the scene of the accident, we will be making a claim under the uninsured provisions of [plaintiff's] policy."
When informed that no record was found of a vehicle with the license plate "GIN 72," plaintiff notified the Paterson Police Department that the correct license number was "JEN 72." A *272 check on that license plate revealed that the vehicle was owned by defendant Jennifer A. Melone.
On August 8, 1991, an attorney representing Jennifer's father advised plaintiff's counsel that "no motor vehicle owned by [his client] was involved in this accident" and that the "alleged license plate and identification made in the Police Report [were] in error." The letter stated that Mr. Melone had reported "this incident" to his insurance company with a similar explanation.
Although plaintiff's description of the vehicle matched that of the Melone car, he could not identify the operator. A witness to the accident indicated during his deposition that a white male with a goatee, wearing a baseball cap, was operating the vehicle and that two females were in the vehicle. A yearbook photo of Jennifer Melone was shown to the witness, but he could not identify her.
Jennifer maintained that neither she nor her vehicle were involved in the collision. Her interrogatory answers stated, "I have no knowledge of this occurrence involving me or my vehicle." She testified at her deposition that she never drove in the area of the collision on June 7, 1991.
Although plaintiffs settled their claims with the Melones' insurance carrier for $35,000, the record on appeal gives no indication of the purported value of the claim. Nor are we told of the policy limits covering the Melones under their liability insurance.
UM coverage "is a contractual liability required by statute between the insured motorist and his carrier and inures solely to the benefit of the insured." Riccio v. Prudential Property & Cas. Ins. Co., 108 N.J. 493, 498-99, 531 A.2d 717 (1987). The contract with the UM carrier governs an insured's rights under a UM endorsement. Id. at 499, 531 A.2d 717. An "uninsured motor vehicle" is stated in N.J.S.A. 17:28-1.1(e)(2), to include "(c) a hit and run motor vehicle as described in section 18 of P.L. 1952, c.174(C.39:6-78)." "[N]othing in [N.J.S.A.] 17:28-1.1 suggests that UM coverage is to be made available as excess insurance *273 whenever a liability policy, meeting the statutory minimum limits of coverage, proves an inadequate source of compensation to the injured insured. The essential requirement for [UM] coverage is lack of insurance not inadequate insurance." Taft v. Sweeney, 149 N.J. Super. 282, 285, 373 A.2d 712 (App.Div.), certif. denied, 75 N.J. 529, 384 A.2d 508 (1977); see also Gorton v. Reliance Insurance Company, 77 N.J. 563, 572, 391 A.2d 1219 (1978).
N.J.S.A. 39:6-78 (emphasis added), defines "hit and run" vehicles and states, in pertinent part:
When the death of, or personal injury to, any person arises out of ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was, at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and the identity of such person cannot be ascertained ...
Plaintiff's UM endorsement was consistent with the statutory requirements and provided, in plain language: "`uninsured motor vehicle' means a land motor vehicle or trailer of any type: ... 2. which, with respect to damages for bodily injury only, is a hit and run vehicle whose operator or owner cannot be identified and which hits: a. you ... or c. your motorcycle." (emphasis supplied).
In denying Universal's motion to prohibit plaintiff from pursuing a UM claim, the Law Division judge stated:
I think, the appropriate [forum] is arbitration. The issues being decided is whether there was a hit and run driver or not. And then, if so, the damages, if any due. That's the only way I could really fathom this case proceeding at this point, based on the history, which was proceeded to this point.
When defense counsel argued, there's been a recovery from the tort feasor, that's at issue. There's been a cope  a settlement with an individual, who was named at suit, who may or may not be the tort feasor. Ms. Melone, may or may not be the tort feasor. So, this counsel's arguments require the medical [sic] arbitration for resolution of whether there was a hit and run driver involved.
Although plaintiff settled his claims against the Melone defendants, and signed a release, for $35,000, plaintiff now argues that the identity of the vehicle and the operator and/or owner of the vehicle causing the damage cannot be ascertained and therefore qualifies as an uninsured "hit and run motor vehicle." He claims *274 that he is entitled to a determination by an arbitrator under his UM endorsement as to whether the accident was caused by a hit and run vehicle within the definition of the insurance contract. We are asked to assume that the $35,000 settlement did not cover his damages and that he now seeks only the difference between the settlement and the value of his damages. Plaintiff's brief states, "[t]he arbitration proceeding allows the plaintiff to receive a full recovery, if in fact, the value of his injuries exceeds $35,000."
According to N.J.S.A. 39:6-78, a hit and run vehicle is one as to which the identity of the car and its operator and owner cannot be ascertained. The statute requires a claimant to make reasonable efforts to identify the owner and operator responsible for his injuries. Norman v. Selective Ins. Co., 249 N.J. Super. 104, 108, 592 A.2d 24 (App.Div. 1991). The claimant bears the burden of proving that reasonable efforts were undertaken. Id. at 109.
Here, the issue of whether the vehicle's identity could be ascertained was disputed, thereby requiring adjudication. Plaintiff chose his forum to resolve the issue when he filed his civil action alleging the Melone automobile to be the "hit and run" vehicle. He, however, elected to settle rather than to exercise his right to proceed to trial and obtain a determination of the issue. We conclude that under the circumstances presented, he should not now be permitted to choose a second forum to present his claim. All of the parties to the controversy were present in the civil action and the issue could have been resolved at one time if plaintiff desired a formal determination.
Moreover, while the UM statute is to be liberally construed so that the maximum protection can be provided for the innocent victims of automobile accidents, Motor Club of Am. Ins. Co. v. Phillips, 66 N.J. 277, 293, 330 A.2d 360 (1974); Ainsworth v. State Farm Mut. Ins. Co., 284 N.J. Super. 117, 130, 663 A.2d 1365 (App.Div. 1995), that goal is met where an injured claimant in fact collects from the tortfeasor he alleges caused his accident. We are convinced that plaintiff having accepted the $35,000 as the fruits of the claim he pursued against the Melones, should not now *275 be heard to claim in arbitration that he suffered his damages as a result of a hit and run accident. He, in effect, seeks to turn the UM coverage into under insurance coverage. As we have indicated, this is contrary to the Legislature's intent.
We do not question that plaintiff had a contractual right under the UM endorsement to seek arbitration for a determination of whether he was entitled to recover under his UM coverage. See Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 101, 555 A.2d 21 (App.Div.), certif. denied, 117 N.J. 87, 563 A.2d 846 (1989). However, the result should be no different if he had elected to first proceed in that manner and had obtained a recovery based on a finding that his damages were caused by a hit and run driver, as he would be compelled to return the UM recovery if he later pursued and recovered in a claim against an alleged owner and operator. See Tozzo v. Universal Underwriters, 261 N.J. Super. 586, 592, 619 A.2d 639 (App.Div. 1993).
We hold that in the present circumstances, plaintiff is barred from collecting under his UM coverage, and therefore no issue remains for arbitration.
Reversed.